CASE 9—EQUITY—APRIL 10, 1884.

## Polley's ex'rs v. Polley.

APPEAL FROM KENTON CHANCERY COURT.

1. When an advancement is made by a father to his son in land by deed, with a clause of general warranty of title, upon the consideration of love and affection, and it is afterwards discovered that the father had made a mortgage upon it, the heir receiving the advancement may recover against the estate the amount of the mortgage upon the land.

2. But the heir so advanced must contribute his share toward satisfying the mortgage. Asking equity, he must do equity by contributing his share toward the payment of the mortgage debt.

3. In such case the possession of the son can not be adverse to the father.

COLLINS & FENLEY FOR APPELLANTS.

The gift, until the deeds were executed, passed no right, either legal or equitable.

The consummation of the gift by conveyances being after the mortgage had been executed and delivered, did not affect the validity thereof, because the verbal gift being void, and the donees looking to the donor all the time for the title through the deeds, could not and did not claim adversely, and the property was liable for his debts.

Equity requires that each devisee and grantee should, according to the property he receives, be required to contribute to the payment of the ancestor's debts at the time of his death. (Irvine v. Thompson, 4 Bibb, 292; Booker v. Bell, 3 Bibb, 178; Davis v. Lewis, 4 Bibb, 457; Lowe v. McDonald, 3 Mar., 354; 5 Mon., 317; 3 J. J. Mar., 40; Ellis v. Gosney, 7 *Ib.*, 110; Grundy v. Edwards, *Ib.*, 367; Hall v. Godden, 16 B. Mon., 554; 4 Dana, 252; Elliott v. Threlkeld, 16 B. Mon., 343; 8 B. M., 366.

O'HARA & BRYAN FOR APPELLEES.

On the covenant of warranty the grantees in the two deeds have an indisputable right, in the event that they should be deprived of their land on account of the failure of title in the warrantor for the amount stated in each deed, as the money value he was giving his grandchildren.

That the testator had mortgaged the land to Mrs. Ingersoll before he conveyed to his grandchildren can not affect the rights of the parties.

Visible occupancy is strong *prima facie* evidence of notice to subsequent purchasers.

In a contest between equities the elder must prevail. (Hanson v. Booker, 4 Dana, 252; 4 Littell, 208; *Ib.*, 264; Russell v. Moore, 3 Met., 437; Gains v. Allen, 4 Bush, 609; Hackworth v. Dawson, 2 J. J. Mar., 178; 1 Mon., 237; 2 J. J. Mar., 178; Brown v. Anderson, 1 Mon., 201; 4 Met., 196; 3 Bibb, 205; *Ib.*, 279; Forepaugh v. Appold, 17 B. M., 631; 10 Bush, 40; 7 Mon., 477; 10 B. Mon., 186.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

James D. Polley, residing in the city of Covington, executed a will in the month of February, 1866, and died in May, 1879. At the date of his will, being indebted to various parties, he designated the property out of which his debts were to be paid, 1st, the proceeds of his notes; 2d, certain vacant lots in Covington, and 3d, his lands in the county of Boone. He then proceeded to devise to three of his children, in equal parts, the vacant lots and the Boone county land, after the payment of his debts, evidently supposing that much of this property would be left after the payment of his debts. He then proceeded to devise to three of his children, other than the devisees mentioned, certain property in the city of Covington. Before the death of the testator he had disposed of his notes, the vacant lots, and the Boone county lands, leaving no personal estate to pay his debts.

The executor filed the present action for the settlement of his estate and the payment of his debts, to which all the devisees and parties in interest were made defendants. Shortly after the will was executed, he sold a part of the Boone land to one Adams for near thirty-five hundred dollars, for which he took the notes of the vendee, the testator being indebted to his daughter, Martha Ingersoll, as guardian of her infant child, in the sum of $5,722, for the purpose of securing the

debt, mortgaged to her the remaining Boone county lands, and also pledged the notes on Adams as collateral security. Frances M. Polley and Jasper H. Polley, two of the devisees of the Boone county land, were in possession, at the date of the mortgage, of their respective interests, or the two holding jointly the land under a parol gift, as they allege, from their father. These two children died before the testator, and the latter, after their death, executed, on the 22d of January, 1868, conveyances to their children of the Boone land, except the land sold Adams. This land sold Adams was taken back by the testator and sold to Lewis, and the notes of Adams, held by Mrs. Ingersoll, surrendered, at the instance of her father. What became of the proceeds of the land sold to Lewis does not appear.

Mrs. Ingersoll, having been made a defendant sought, by proper pleadings, to subject the Boone county land that had been mortgaged to her to secure the payment due her as guardian. The children of her deceased brother resisted the sale upon several grounds:

*First.* They allege that when the mortgage was executed on the land, their ancestors were in possession under the parol gift from their father, of which fact Mrs. Ingersoll had notice.

*Second.* That the conveyance made to them by the testator, although subsequent to the mortgage, contained a clause of general warranty, and that an eviction, or the enforcement of the lien depriving them of the land, would give them the right of action and recovery to the extent of the loss sustained, and this being the case, the estate left by the devisor and devised

to his other children should be subjected to the debt, and being all before the court, in order to prevent further litigation, the rights of all the parties were asked to be settled, to which no exception seems to have been taken. The grandchildren making this defense are claiming under the parol gift to their parents and the deeds made to them by their grandfather, and not under his will.

The Chancellor below adjudged that the land mortgaged was not liable, and required the estate devised to remove the burden.

It is evident that the testator had placed his two sons in possession of this land, intending ultimately to give it to them when distributing his estate, and that they entered upon the land with this understanding. This is manifest from the fact that shortly after the death of his two sons he executed the conveyance to their children for no other consideration than that of love and affection. He expresses a consideration of $2,865 for each tract, but it is evident from the recital in each deed that this was the value of the land as fixed by the grantee in the effort on his part to make an equal distribution of his estate, and, besides, it is shown that no consideration whatever was paid by either the children or the grandchildren by the two deeds.

Counsel for the appellees maintain that the parol gift vesting the two sons with an equitable interest that existed before the mortgage, the subsequent conveyance by the grandfather passing to them the legal title, destroyed any equitable right the mortgagee had for the security of his debt. We do not perceive in this branch

of the case any other equity existing in behalf of the two sons than the mere intention of the testator, or grantee, to give them this land in the final distribution of his estate. They might, having entered under this declared purpose of their ancestors, have recovered for any valuable improvements made exceeding the value of the rents, but the mere intention of the testator, evidenced by the fact of his placing his two sons in possession, or by an express declaration that he intended to give them this land, would not invest the donors with either the legal or equitable title. The property still belonged to the donor, and his right to execute the gift was purely voluntary on his part, and would not have been enforced by the Chancellor against his will.

In Booker v. Abel, 8 Bibb, it is said that such a gift is void, and it is not pretended that the parties have been in possession such a length of time as would constitute an adverse holding vesting them with title. The two sons were in possession in the same manner the devisees were, the property having been designated by the will belonging to each one of his children at the death of the testator. It is true these appellees take under the deeds, and not under the will, and the creditors of the testator would ordinarily be compelled, or rather his executor and devisees, to exhaust the estate left by the testator before subjecting the land conveyed to their children. The testator owning the land in Boone, and never having parted with the title, had the right to execute the mortgage upon it, and when the grandchildren accepted the conveyance they held the land subject to the mortgage previously executed to Mrs. Inger-

soll, and the land is liable to those she represents in her fiducial capacity for the mortgage debt.

As between the children and grandchildren of the testator, some holding under the deeds and the others under the will, the question of more difficulty than any other arises: If the testator had, in his lifetime, conveyed this land without having executed a prior incumbrance upon it, it would, no doubt, be adjudged that his estate left at his death, if sufficient, must pay his debts, and not what he had previously conveyed to his children; but a different question is presented in this case.

The land conveyed was a gift to the grandchildren, and that claimed was a gift to his children, no other consideration existing but that of love and affection in either instrument. There is a warranty of title in the conveyance to the grandchildren against incumbrances, etc., and, therefore, for a breach of the warranty the estate, as they maintain, is liable to them for any damages they may sustain. On the other hand, it is argued that, as nothing had been paid by the grandchildren, the damages for the breach would be nominal only. The general rule is that, in an action of covenant on a warranty for the sale of land, the purchase money is the measure of damages, or where there is no fraud, the indemnity for the loss is the consideration paid and interest; where there is fraud, the value of the land lost is the criterion. (Lowe v. McDonald, 3 Mar.; Durham v. Ganard, 5 Mon.; Davis v. Lewis, 4 Bibb; Grundy v. Edwards, 721, Mar.; Hill v. Godden, 16 B. M.)

This court, in Hanson v. Hickman's executors, 2

Duvall, 4 Dana, held that the consideration of love and affection was sufficient to uphold the warranty and permitted the recovery. While the doctrine of that case is assailed by counsel, we perceive no reason why, in a conveyance with a claim of general warranty, evidencing an advancement by the grantor to the grantee, the latter, in the event his land is lost by a superior title, should not be allowed to recover upon his warranty against the estate. It would be inequitable, to say the least of it, to permit the other children to enjoy their respective portions of the estate given to them and one of the children deprived of his interest by a superior title, and the right to recover denied for a breach of the warranty. In devises of property, contribution is required by the statute, and in conveyances with warranty the same rule should apply, or the child losing his estate permitted to recover for the loss. The measure of damages should at least be in the nature of an equitable contribution.

In the present case, the objection to the judgment below is, that it requires the entire loss to fall on three of the children, who are holding under the will. The lien on the estate conveyed to the grandchildren was incumbered at the date of the conveyance by this mortgage debt; they came into a court of equity asking the Chancellor to relieve them from the incumbrance by requiring the children, who are devisees to remove the incumbrance because of the warranty of their ancestor. In the attempt to do this, it is made to appear that some of the children were advanced by deed and the others by will, no consideration issuing from any of the parties, but all indebted to the bounty of the same

common ancestor for their respective portions of the estate granted and devised. When asking equity they must be required to do equity, and that is, each child must contribute to the payment of the mortgage debt in proportion to the amount received from their ancestor. If there are six children, each child, including the mortgagee, receiving an equal interest, when those claiming under these deeds are attempting to make the devisee liable, those so claiming must bear an equal share of the burden with the devisees in removing the incumbrance. This does not affect the right of the mortgagee to make his money out of the land mortgaged, but as all the parties are before the court and have sought the aid of the Chancellor in settling this question, it is proper that they should be disposed of. The judgment below must be reversed and cause remanded for proceedings consistent with this opinion.

To a petition for a rehearing, Judge Pryor delivered the following response :

The court, in considering the questions raised by counsel in this case, understood the position assumed by the appellees, and adjudged that there was no equity on the part of the sons or their children, except such as originated from the improvements made by reason of the contemplated gift. As against the donor they could assert a claim for the value of the improvements made, but they are asserting a right to the land under a conveyance made by the grandfather to them upon the consideration of love and affection; while such a consideration is sufficient to uphold the grant, the appellees go further and require the devisees of their grandfather, who obtained their property upon a like

consideration, to relieve their land of an incumbrance created upon it before their conveyance was made, and for the reason, as they maintain, that the grantor is liable upon his warranty. They are in court asking this relief, for without such relief the mortgage must necessarily be enforced and their land sold. The lien on the estate conveyed to the grandchildren existed when the conveyance was made. The object of the grantor and donor was to give to each of his children certain portions of his estate. Some he gave by will and the others by deed, and no valuable consideration passing from either. Those holding under the deeds are in a court of equity asking that those holding under the will shall relieve their land of this incumbrance, upon the idea that the advancement was made in the life-time of the testator, and that they can not be required to bring what they received into hotchpot in order to an equal division. This is the correct rule if they were satisfied with what they had received. They received the land with the incumbrance upon it, and now come into a court of equity and ask that the other donees or devisors be compelled to dispose of what was given them and with the proceeds remove the incumbrance upon that portion of the estate advanced to their parents and conveyed to them. This is not equity, and it is just and proper that they should contribute. It is insisted further by counsel for appellees, that, inasmuch as the notes of Adams were placed in the hands of the mortgagee as surety as well as the mortgage for the debt sued on, and that they were surrendered by the mortgagee after notice of the conveyance to the grand-children, that at least so much of the notes as were

realized by the execution on the judgment sale of the land should be applied to the payment of the mortgage debt, and contributions required as to the balance. This would seem to be the equity of the case, and if the facts authorize it, such should be the judgment. As the Chancellor proceeded upon a theory different entirely from that recognized by this court, the case is left open that both parties may be heard as to the surrender of the Adams notes; when the notes were surrendered; whether before or after the conveyance to the grandchildren; how much had been collected by the testator, and what amount by the executor. As to the application of the credit before contribution, the case is left open, and the opinion modified to that extent, and no further extension will be made for either appellants or appellees.