·CASE 17—CONSTRUCTION OF WILLS—MARCH 15.

# Atchison, Executor, Etc. v. Atchison, Etc.

APPEAL FROM WARREN CIRCUIT COURT.

1. CONSTRUCTION OF WILLS—CONTRIBUTION.—A widow who takes under her husband's will takes as any other devisee and is liable to contribution to pay the debts of the estate in proportion to the value of the realty and personalty devised and bequeathed to her.

2. SAME.—There is nothing in the will construed in this case to indicate an intention on the part of the testator that the widow should be exempt from the burden of contribution for the payment of his (testator's) debts.

WRIGHT & McELROY FOR THE APPELLANT.

1. There is no proof to show that the testator intended that his widow should get her bequest free of the debts of the testator.

2. The widow should contribute to the debts of her husband in proportion to the property received by her.

WILLIAM H. HOLT ON THE SAME SIDE.

There is no evidence that the testator intended the wife's devise to be free of any encumbrances. The time for the renunciation of the will had gone by and the widow took the portion of the estate devised to her as any other devisee. Ky. Stats., sec. 1404; Huhlein v. Huhlein, 87 Ky., 247.

B. F. PROCTOR FOR THE APPELLEE.

The failure of the widow to renounce the will arose from the inability on her part to ascertain the status of the estate aris-

Atchison, Exr., &c., v. Atchison, &c.

ing from the failure of the representative to file an inventory within the time required by law.

2. It was the intention of the testator to have the real estate devised to his wife unencumbered and besides that, to leave her a surplus of personal property, and in such judgments the court tried to carry out the intention of the testator. Chamberlain v. Young's Exr., 9 Ky. Law Rep., 270.

3. If the court did not reach this conclusion, it would have been its duty to leave her the liberty under the statutes to renounce the will and take the interest allowed her by the statute. Smither v. Smither's Exr., 9 Bush, 230, and authorities cited.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

J. C. Atchison devised certain real estate to his son, A. J. Atchison, and to his widow, H. N. Atchison, he devised, during her life, the home place, situated at Bowling Green, Ky., and the interest and remainder therein to the son named. He devised to the son his watch, old family Bible and clock, and, the personal estate goes to the son and widow in equal parts. The son named qualified as executor of the will, and no personal estate came into his hands except a share of turnpike stock of the value of $25 and a small dividend thereon, and the commissioner found that there was in his hands, due his father's estate, some $67, rents collected in the lifetime of the testator. The commissioner ascertained the debts of the estate to be $790, among which was a debt due the widow of $200, and some interest, which was paid by the son. There was no personal estate except that which we have stated with which to pay the testator's debts. The widow did not renounce the provisions of the will within the time prescribed by the statute; neither did she get the chancellor to extend the time for that purpose.

When a widow claims under the will, she occupies the

same attitude as any other devisee. Chambers and wife v. Davis, &c., 15 B. Mon., 522.

When she takes under the will of her deceased husband, she takes it subject to his creditor's demands. Watson v. Christian, 12 Bush, 524. The burden accompanies the benefit. Huhlein v. Huhlein, 87 Ky., 247, [8 S. W., 260[.

Under a will, those who receive bequests are required to contribute to the payment of the debts of the estate. Our attention has not been called to any case wherein the court has decided what proportion of the burdens shall be borne by devisees. It is manifestly just, however, that each devisee should pay ratably the debts of the estate, according to the value of the estate received under the will; otherwise an estate in realty might be large, with large debts against it, and, if each devisee was required to contribute the same amount to the payment of the debts, regardless of the value of the bequests, then those receiving an interest of small value might be required to exhaust the entire amount in the payment of debts, whilst those who received a large bequest would have remaining large interests in the estate. The commissioner was under the impression that each of the devisees was to pay one-half of the debts of the estate.

It is made manifest by this record that the value of the estate received by A. J. Atchison was twice as great as that received by the widow. He did not only receive certain real estate in fee, but was also willed the interest in remainder in the homestead in which the widow was given a life estate.

The court below should have ascertained the value of the estate, including the remainder interest, which was willed to A. J. Atchison, and the value of the life estate bequeathed to the widow, and required them to contribute to

the payment of the debts of the estate according to the value of their respective interests. The court disregarded the report of the commissioner, and refused to compel the widow to contribute anything in the way of the payment of the debts of the estate; besides rendered judgment against the personal representative of A. J. Atchison (he having died pending the suit) for $200, the amount which the court found he had collected in rents on the property devised to the widow. This was erroneous, because the widow should have been charged with her proportionate part of the debts of her husband's estate under the rule announced herein, and should have been credited with the net amount of rents which the son had received arising from her property after the death of her husband.

The court gave as its reasons for its judgment in the following language, to-wit: "From the proof in this case and the will of J. C. Atchison, it was evidently his intention to leave to his wife her interest in his estate without incumbrances and that he had conveyed to A. J. Atchison, during his life, property, with the understanding that he should not want for a sufficient support during his life." There is nothing in the language of the will, in our opinion, which justifies this conclusion; neither is there any testimony in this record which shows that, as a consideration for any conveyance of property which the father made to the son, there was imposed upon him an obligation to support the father during his lifetime, or to pay his debts existing at his death. The judgment is reversed for proceedings consistent with this opinion.