## Morehead's Exor. v. France, et al.

(Decided March 20, 1913.)

### Appeal from Fleming Circuit Court.

1.   Wills—Special Bequests—A bequest of "all of notes' bonds, cash
in hand or in bank" is held to be a specific, legacy.

2.   Wills—Debts of Testator.—Where testator bequeathed all of his
personal property as a specific legacy and made no provision for
the payment of his debts out of his real estate, such legacy is
charged with the payment of his debts.

3.  Wills—Construction—Real Property and Interest of Legatees Therein.—Where testator, by his will, disposed of all his personal property and the life estate in his real estate, and provided that "the remainder after paying all persons above named in the fifth section of this will I direct that my executor divide equally between" certain named residuary legatees, it is held that the general legacies mentioned in clause five of the will were to be paid out of the remainder in fee of the real estate.

4.  Wills—Construction—Particular Words.—Where testator owned a farm consisting of two adjoining tracts, near a town on the line dividing two counties, and devised a life estate in "my farm at Mt. Gilead, this county," the word "farm" is construed to include all of testator's real estate.

PAUL HEFLIN for appellant.

JNO. P. McCARTNEY for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In May, 1912, Kate Morehead died testate, a resident of Fleming County, Kentucky. Her will was duly probated and is as follows:

"First. I will that all my just debts and funeral expenses be paid.

"Second. To my sister, Amandy E. France, and James W. France all of notes, bonds, cash in hand or in bank to be theirs absolutely.

"Third. I will and bequeath to my sister, Amandy E. France, and James W. France during their lives my farm at Mt. Gilead, this county. It is my purpose that they shall have only a life interest in said farm; they shall have it under control to use or rent and collect the proceeds as long as either of them are living.

"Fourth. After the death of Amandy E. France and James W. France I will and direct that the said farm shall be sold; that my executor hereinafter named to deposit with the Union Trust and Savings Company of Maysville, Kentucky, the sum of three hundred dollars, the same to be held in trust, and that the interest therefrom shall be expended in taking care of my lot in Maysville cemetery.

"*To Thomas A. Keith, five hundred dollars.

"Fifth. I will to the following persons the amounts following their names: To the Rev. W. O. Sadler, the

sum of twenty-five hundred dollars, if living at my death. *See above.* To Miss Jane Fitch, the sum of two hundred dollars, if living at my death. To Miss Martha Power, the sum of two hundred dollars, if living at my death. To Miss Bell Tibbs, the sum of two hundred dollars, if living at my death. To Miss Margaret Tibbs, the sum of two hundred dollars, if living at my death. To Mrs. Margaret Hutchcraft, of Millersburg, Ky., the sum of two hundred dollars. If not living, the said amount to go to her only daughter. To the Preacher's Aid Society of the Methodist Episcopal Church, South, Kentucky Conference, the sum of four hundred dollars. To the American Bible Society, one hundred dollars. If any of the above named persons shall die before this will becomes operative, I direct that said amounts shall go to the next clause of this will.

"Sixth. The remainder, after paying all persons above named in the fifth section of this will, I direct that my executor shall divide equally between the Woman's Home Society, the Woman's Foreign Missionary Society, the Orphans' Home of the M. E. Church, South; the other societies are under the control of the Ky. Conference.

"Lastly. I do hereby nominate and appoint Thomas A. Keith, of Maysville, Kentucky, the executor of this my last will and testament."

The executor, in said will nominated, accepted the trust. The estate of the testatrix consisted of one bond of the Maysville Public Service Company and four mortgage bonds, aggregating $3,500, about $3,000 in cash in bank, and two adjoining tracts of land containing eighty-four and twenty-four acres respectively, lying partly in Fleming County and partly in Mason County, and near Mt. Gilead, a small town on the line dividing said counties. The value of said farm is between $70.00 and $80.00 per acre. The executor brought suit against the devisees and legatees under said will, in which he sought a construction of the will, and especially of the second and fifth items thereof. The answers filed present no issue of fact. Upon submission of the case and upon consideration of the pleadings and exhibits, the chancellor was of opinion, and so adjudged, that under item two of said will all of the personal estate of the testatrix passed to Amandy E. France and James W. France as a specific legacy, charged with the payment of the debts of testa-

trix; that said Amandy E. and James W. France took a life estate in the whole of the real estate; that, after the death of both, the land should be sold, and out of the proceeds the sum of $300 is to be first set aside and held in trust for the care of the cemetery lot of the testatrix; and, second, the legatees mentioned in item five should be paid the amounts bequeathed to them respectively; and that the payment of said last named legacies was deferred until after the death of the said life tenants and the sale of said farm. The executor appeals and insists that the bequests enumerated in item two of said will are general and not specific and the personal estate of the testatrix should be first subjected to the payment of her debts and the balance applied to the payment of the legacies mentioned in item five. He also complains of the failure of the court to direct how the land should be sold after the death of the life tenants.

The testatrix, in the use of the words "all of notes, bonds, cash in hand or in bank" in the second clause of her will, sufficiently individualizes that portion of her estate so as to distinguish it from all other things of the same kind. The things intended to be bequeathed are susceptible of identification. The gifts are therefore specific. Hill v. Harding, 92 Ky., 76; U. S. Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky., 374; Kearns v. Kearns, 77 N. J. Eq., 453, 140 Am. St. Rep., 575; Tomlinson v. Bury, 145 Mass., 346; Barber v. Davidson, 73 Ill. App., 441. This provision of the will is therefore valid, unless a repugnancy exists between it and subsequent provisions thereof.

Inasmuch as, under the law, the personal estate of a decedent must first be subjected to the payment of debts of the estate, and as the testatrix, by item two of the will, disposed of all her personal estate and made no provision for the payment of debts out of the real estate, the legatees take these bequests charged with the payment of the debts of the testatrix. The chancellor correctly so held.

The testator, by the second clause of her will, disposed of all her personal estate; by the third, of a life estate in all of her real estate and an infinitesimal part of the remainder in fee thereof. Now, if she intended to pay the legacies mentioned in clause five and the residuary legacies mentioned in item six out of the remainder in fee of said real estate, there is no repugnancy between these

provisions of her will and item two; and the gifts of personal property specifically described therein to the legatees therein named must stand as being in accordance with the intention of the testatrix. In clause five, it is provided that if any of the legatees therein named should die before the will became operative, the amount that would have gone to such person must be distributed as in the next, the sixth, clause provided. The Woman's Home Society, the Woman's Foreign Missionary Society and the Orphans' Home are designated in the sixth clause as residuary legatees. It is manifest that these legatees and those enumerated in clause five were intended by the testatrix to be paid out of the same fund. The language, "the remainder after paying all persons above named in the fifth section of this will I direct that my executor shall divide equally, etc." clearly shows such intention. The general and residuary legatees being required, by the terms of the will, to be paid out of the same fund, and there being no other fund out of which to pay them, except the remainder in fee of said real estate, which would be undisposed of unless so used, we hold that the testatrix intended the general legacies designated in clause five to be a charge only upon the remainder in fee of the real estate devised by her. The title of the legatees thereto vested upon the death of the testatrix, but the payment thereof is deferred until the sale of the land, as provided in the will.

Counsel for both appellant and appellees agree, and we concur, as to the correctness of the judgment of the chancellor in construing "farm," mentioned in clause three, so as to embrace all the lands of the testatrix.

The chancellor properly refused to direct the executor as to how the real estate should be sold. The power to sell and convey is conferred upon him by the will. In granting such authority, the testatrix reposed confidence in his judgment, for no restrictions are imposed. As to the terms and conditions upon which it should be sold, the executor is left free to exercise his best judgment. If, upon the death of the life tenants, the executor, or his successor in office, should be unwilling to risk his own judgment, and should feel the need of the aid of the chancellor, he can procure it in a proceeding brought for that purpose; but we do not at this time see either the necessity or propriety of directing how the sale should be made.

The judgment of the chancellor, being in accordance with the views herein expressed, is affirmed.