## Dorn v. Fidelity & Columbia Trust Company, Executor.

(Decided July 1, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Wills—Devisee of Personalty and Life Estate Entitled to Contribution from Devisees of Remainders on Account of Payment of Testator's Debts.—Where testator devised all personalty and life estate in all realty to sister, and specifically devised remainder interest in each parcel of real estate to others, so that there was no provision for payment of his debts, after debts had been paid from the personalty sister was entitled to contribution from devisees of remainders, under Ky. Stats., section 2073.

2. Wills—Devisees of Incumbered Lands Held Entitled to Contribution to Discharge Incumbrance—"Provisions."—Where testator bequeaths all of his personalty and devised life estate in realty to one person, and specifically devised remainders in each parcel of real estate to others, so that there was no residuary estate and no provision for payment of debts, and his debts were paid out of personalty, under Ky. Stats., section 2073, devisees of parcels subject to unpaid purchase-money liens were entitled to contribution to discharge lien, section 2083 not applying; word "provisions" in

last section meaning statutory provisions, and not provisions in a will.

3. Wills—Devisee of Life Estate in Incumbered Land Held Entitled to Contribution as to Interest Paid on Incumbrance.—Where testator gave all of his personalty and life estate in all realty to one person, and his debts were paid out of the personalty, held, that life tenant was entitled to contribution as to interest paid on incumbrance on parcel devised under Ky. Stats., section 2073.

4. Life Estate—Basis of Computing Value for Purpose of Determining Proportion of Mortgage Debt Stated.—Under Ky. Stats., section 2218, value of life interest in mortgaged property is to be computed upon a basis of 6 per cent. for purpose of determining life tenant's proportion of debt, it being immaterial what money was worth in market at time of testator's death, and section 4281k, relating to inheritance taxes, not being inconsistent with this view.

LAWRENCE S. POSTON and PETER, LEE, TABB & KRIEGER for appellant.

FRED FORCHT, HARRY PECKINPAUGH, JERRY A. HOGAN, RICHARD B. CRAWFORD, PERCY SMITH, HUMPHREY, CRAWFORD & MIDDLETON and GARNETT, VAN WINKLE & SAGER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part upon both the original and the cross appeals.

Rudolph H. Dorn devised all of his personalty and a life estate in his realty to his sister, Emilie J. Dorn. He specifically devised the remainder interest in each parcel of real estate to others, so that there was no residuary estate, and he made no provision for the payment of his debts. His debts consumed the personalty, and the first question presented by these cross-appeals is whether under section 2073, Kentucky Statutes, his sister, as legatee of the personalty which has been taken to pay his debts, is entitled to contribution from the devisees of the realty.

Section 2073 reads:

"When any estate, real or personal, which has or shall be devised, shall be taken from the devisee for the payment of a debt of the testator, or one of the devisees shall pay such debt to save his devise, each of the other devisees shall contribute his proportion of the debt, interest and costs to the person so paying the same, according to the value received by him, except as hereinafter provided."

This language is so clear and unambiguous as in our judgment to leave no room for construction. It says when any estate, real or personal, which has been devised shall be taken for the payment of the testator's debt, each of the other devisees shall contribute his proportion of the debt, interest, and costs, and this is evidently just what the legislature meant; and the legislative purpose to substitute this equitable plan for the unjust and highly technical preferences of the common law of one kind of legacy or devise over another in the payment of the testator's debts, is, we think, equally clear.

We are therefore of the opinion the chancellor erred in construing this section of the statutes as declaring the rule of contribution only among members of the same class, and, as a consequence, in denying to Emilie Dorn, as legatee of the personalty, contribution from the other devisees.

The chancellor was induced to give the section this construction by reason of the fact that this court, in Morehead's Exor. v. France, 153 Ky. 44, 154 S. W. 378, held that where a testator bequeathed all of his personal property as a specific legacy, and made no provision for the payment of his debts out of his real estate, such legacy is charged with the payment of his debts. There is no reference, however, in that opinion to section 2073 of the statutes, and it is clear that the court's attention was not called thereto. We are unwilling, therefore, to ascribe to that opinion either the purpose or effect of disregarding or distorting the plain and unambiguous provisions of the statute it plainly did not consider.

2.  Upon one of the parcels of real estate there was, at the time of testator's death, an unpaid purchase money lien for $6,000.00, and the next question for decision is whether the devisees thereof take same *cum onere,* or they too are entitled to contribution under this same section of the statutes.

That the devisees of this property also are entitled to contribution from the other devisees not only follows from the construction we have just placed upon section 2073 *supra,* but is also supported by Blanchard v. Herbert, 5 Ky. Opns. 8; Polley v. Polley, 82 Ky. 64, 5 K. L. R. 801; Atchison v. Atchison, 106 Ky. 190, 50 S. W. 26.

The opinion of Hedger v. Judy, 95 Ky. 557, 26 S. W. 586, is not inconsistent with this view, since it denies contribution only because the will was construed to provide that the devisees of the mortgaged land should take

same *cum onere,* and that being true, the statute of course did not apply.

Counsel for appellant claim that section 2083 of the statutes limits the application of 2073 *supra,* and should be construed to mean that devisees of property subject to a lien are not entitled to contribution to discharge same, but we do not concur in this view. That section is the concluding section of article two of the chapter of the statutes dealing with heirs and devisees. That article simply provides for contributions among heirs and distributees under different circumstances, and the concluding section reads:

"This article shall not affect the provisions in relation to property devised which may be subject to a lien."

The contention for appellant is, that the word "provisions" in this section refers to provisions in a will, but we are clearly of the opinion that it means statutory provisions in relation to such property other than those provided by this article, and that it does not in any other way limit the clearly expressed provision of section 2073 for contribution among all classes of devisees to compensate any devisee whose devise has been taken to pay the testator's debts.

The chancellor so construed section 2073 with reference to the mortgaged real estate, but only in so far as the principal debt was concerned, whereas the statute just as clearly, by express provision, includes the interest, as well as the mortgage debt.

It is true that we held in Todd's Exor. v. First National Bank, 173 Ky. 60, 190 S. W. 468, that it is the duty of the life tenant of property to keep down the interest accruing on encumbrances thereon during the continuance of his life estate to the extent of the income or rental value of the property, and it was no doubt because of this decision that the chancellor denied the life tenant contribution as to interest paid by her. But in that case, just as in the Morehead case, *supra,* we overlooked, and our attention was not called to section 2073 of the statutes, and it was no more intended in the one case than the other to annul the plain provisions of a statute not considered.

Hence in so far as the life tenant of this parcel of real estate was denied contribution for interest paid by her, the judgment must be reversed.

Complaint is also made by the life tenant that it was error to ascertain the value of her life interest in the mortgaged property upon a basis of six per cent. instead of five per cent., and thus charge her 41.39 per cent. instead of 36.7 per cent. of the debt.

This contention is based upon the theory that when the testator died money was not worth over five per cent., and upon the fact that in fixing the inheritance tax upon this estate five per cent. was the basis used in ascertaining the value of the life interest. This latter fact, however, is clearly without force to support the contention, since the statute with reference to inheritances (4281-k) provides for the use of five per cent. as the basis for ascertaining the value of life estates in fixing the inheritance tax thereon. Indeed the fact that that act so provides indicates that the legislature considered, as do we, such a provision necessary in order to exempt such calculations from the legal rate of interest fixed at six per cent. by section 2218, Kentucky Statutes.

It also follows from this conclusion that it is immaterial what money may have been worth in the market at the time the testator died, and the chancellor did not err in calculating the value of appellant's life estate in the property upon a basis of six per cent.

The final contention is, that the court erred in not charging to the life tenant $350 of the $1,629 expended by the trustee upon the real estate located at Fourteenth and Broadway streets.

This contention presents simply a question of fact, since the parties agree that the life tenant is chargeable only with ordinary repairs. This money was expended in the construction of a retaining wall, made necessary to support the building upon this lot by reason of excavations upon an adjoining lot, and two expert witnesses testified that all of this expenditure was extraordinary expense occasioned solely by the excavations upon the adjoining lot, while a single expert witness testified that $350 of the amount was chargeable to ordinary repairs and was not due to the excavations upon the adjoining lot.

As the chancellor's finding is supported by the testimony of two of the three witnesses testifying upon this subject, we see no reason for disturbing it, and it is affirmed. Wherefore, the judgment is affirmed in part

and reversed in part upon both the original and the cross appeals, and the cause is remanded with directions to enter a judgment conforming to the views herein expressed.