

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 2, 1949

Hon. William B. Teague, Chairman
Judiciary Districts Committee of House
51st Legislature
Austin, Texas

Opinion No. V-802

Re: Constitutionality of H.B.
677 creating a County
Court to be called the
Probate Court of Harris
County.

Dear Sir:

House Bill No. 677, to which your letter of request refers, contains the following title:

"AN ACT to establish the Probate Court of Harris County; to define the jurisdiction thereof and to conform to such change the jurisdiction of the County Court of Harris County; and providing for the transfer of proceedings and matters from the County Court of Harris County to said Probate Court of Harris County, declaring the validity in transferred cases of writs and processes extant at the time of such transfer; providing for the practice and procedure in said Court, and for the terms of said Court, and the election, qualification and appointment of a Judge thereof, and the execution of a bond and oath of office, the filling of vacancies on said Court, the election or appointment of a Special Judge, the providing of a Clerk and the duties of the Sheriff as to such Court, and establishing the fees and compensation to be paid the Judge thereof and providing for the payment of such compensation; conferring upon other Judges in said County power to sit and act as the Judge of said Court in certain cases; providing for conflict or unconstitutionality in said Act; and declaring an emergency."

Section 1 of the Act declares "there is hereby created a County Court to be held in and for Harris County, to be called the Probate Court of Harris County."

Section 2 thus defines the jurisdiction of the Probate Court of Harris County:

"Section 2.  The Probate Court of Harris County shall have the general jurisdiction of a Probate Court within the limits of Harris County.  It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards,grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law; and on the first day of the initial term of said Court, as herein provided, all such proceedings and matters then pending in the County Court of Harris County shall be transferred to the said Probate Court of Harris County, and all civil writs and processes theretofore issued by or out of said County Court in such matters or proceedings shall be returnable to the Probate Court of Harris County, as though originally issued therefrom."

Section 3 declares:

"Section 3.  The County Court of Harris County shall retain, as heretofore, the powers and jurisdiction of said Court existing at the time of the passage of this Act, other than those matters provided in Section 2 of this Act to be exercised by said Probate Court of Harris County.  The County Judge of Harris County shall be the Judge of the County Court of

Harris County, and all ex officio duties
of the County Judge of Harris County, as
they now exist, shall be exercised by
the said Judge of the County Court of Har-
ris County, except insofar as the same
shall, by this Act, be committed to the
Judge of the Probate Court of Harris Coun-
ty. Nothing in this Act contained shall
be construed as in anywise impairing or
affecting the jurisdiction of the County
Court at Law of Harris County, Texas, or
of the County Court at Law No. 2 of Harris
County, Texas."

Section 5 gives the Probate Court of Harris
County jurisdiction to issue certain writs and Section
6 prescribes the terms of the Court.

Section 13 of the bill provides that in the
case of the absence, disqualification or incapacity of
the Judge of the Probate Court of Harris County, either
the Judge of the County Court at Law of Harris County
or the Judge of the County Court at Law No. Two of Har-
ris County may sit and act as Judge of said Court and
may hear and determine, either in his own courtroom or
in the courtroom of said Court, any non-contested pro-
ceeding therein pending and enter any orders in the pro-
ceeding as the Judge of said Court might enter in per-
son if presiding therein, except orders approving claims
of final accounts, or discharging guardians, administra-
tors, or executors.

Section 16 of Article V of the Texas Consti-
tution declares "the County Court shall have the general
jurisdiction of a Probate Court; they shall probate wills,
appoint guardians of minors, idiots, lunatics, persons
non compos mentis and common drunkards, grant letters
testamentary and of administration, settle accounts of
executors, transact all business appertaining to deceas-
ed persons, minors, idiots, lunatics, persons non compos
mentis, and common drunkards, including the settlement,
partition, and distribution of estates of deceased per-
sons, and to apprentice minors, as provided by law; . ."

The bill does not attempt to abolish the Coun-
ty Court for Harris County, but it creates another County
Court to be known as the Probate Court of Harris County.

The Legislature is as powerless to abolish the constitutional jurisdiction of a constitutional court as it is to abolish the court itself. It is corollary to this further to say that the Legislature, where there exists a constitutional court with a constitutional jurisdiction, is powerless to create another court of any name and give to it the exclusive jurisdiction of the constitutional court.

In Reasonover v. Reasonover, 122 Tex. 512, 58 S.W. 2d 817, the Supreme Court held that the Legislature cannot take away from the District Court jurisdiction given it by the Constitution over divorce cases. The analogy is perfect and is controlling of the present inquiry. We quote from the Reasonover case anticipating the possible suggestion that the provision of Section 1 of Article V of the Constitution is an answer. That Section reads:

"The Legislature may establish such other Courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior Courts thereto."

Speaking to the very point, Mr. Justice Pierson said that this provision "was not intended to authorize the Legislature to deprive the regular District Courts of any of the jurisdiction expressly conferred on them by the Constitution; nor that the jurisdiction of the District Court should be conformed to that of the statutory courts by destroying the constitutional jurisdiction of the District Courts, or by transferring a part or all of it exclusively to a statutory court, but rather that such jurisdiction as fixed in the Constitution may be made concurrent with such other Courts created by statute. . . .

"If 'conform' means 'to deprive,' the Legislature is empowered to take away from a regular District Court all the jurisdiction given it by the Constitution, and confer it upon the statutory courts. This would not be 'conforming' but 'destroying' the jurisdiction of the District Court to the extent the Legislature might elect. It is difficult to believe the people so intended, or that they intended to give to

the word 'conform' a meaning other than
its ordinary meaning."

Whatever one may think of the soundness of
the definition of "conform" as applied by Justice
Pierson, it is the established law of this State and
as such we must conform to it unless and until the
Supreme Court itself construes Section 1 differently.

But we are not left to analogies in the pres-
ent inquiry. In State v. Gillette's Estate, 10 S.W. 2d
984, the precise question was involved and decided.
Judge Critz, member of the Commission of Appeals to the
Supreme Court, writing the opinion, said:

"If the act conferring probate juris-
diction on the so-called county court at
law of Eastland county can be sustained at
all, it must be done under that part of sec-
tion 1 of article 5 of our state Constitu-
tion above referred to. . . .

"However, this provision of article 5
must be read and construed so as to give ef-
fect and meaning to section 22 of the same
article, as no construction should be indulg-
ed in that will render any part of article
5 meaningless. There is no escape from the
conclusion that it was the intent and express
purpose of section 16 of article 5 of the Con-
stitution to confer exclusive original probate
bate jurisdiction on the county courts. Any
other construction of the several provisions
of article 5 would render section 22 of said
article absolutely meaningless and void. Sec-
tion 22 of article 5 expressly provides that
the Legislature has power to increase, dimin-
ish, or change the civil and criminal juris-
diction of county courts and conform the jur-
isdiction of the district and other inferior
courts to such change. . . .

"We therefore conclude that section 22
of article 5 of the Constitution of this state,
in so far as the probate jurisdiction of the
county court is concerned, speaks exclusively
as to the right of the Legislature to in-
crease, change, or diminish the jurisdiction

of such courts as prescribed and defined under section 16 of the same article, and that said section 22 speaks exclusively as to the right or power of the Legislature to conform the jurisdiction of the district or other inferior courts to such change. . . .

"It follows, therefore, that the part of the act which attempts to create the 'County Court at Law for Eastland County, Texas,' and give it probate jurisdiction, and also that part of the act which attempts to deprive the constitutional county court of Eastland county of the exclusive probate jurisdiction conferred thereon by the Constitution, is unconstitutional and void, and all pretended probate orders, judgments, and decrees entered by said county court at law with reference to the estate of F. G. Gillette, deceased, were and are utterly without force and void."

## SUMMARY

H. B. 677, 51st Legislature, which proposes to divest the County Court of probate jurisdiction and to create a separate "Probate Court" which would be given such jurisdiction, is unconstitutional. Article V, Section 16 of the Texas Constitution confers that jurisdiction on the County Court, and it may not be divested except by constitutional amendment. Reasonover v. Reasonover, 122 Tex. 512, 58 S.W. 2d 817 (1933); State v. Gillette's Estate, 10 S.W. 2d 984 (Tex. Comm. App. 1928).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*
ATTORNEY GENERAL

By *Ocie Speer*
Ocie Speer
Assistant

OS:wb