Chief Justice Robertson
delivered the Opinion of the Court.
As one object of the bill filed in this case by the appel-lees, was to obtain a distribution of the personal estate of their father, and a settlement of the accounts of the personal representatives, James Campbell, the executor, was a necessary party ; and consequently, as he was not made a party, the decree against the executrix, must, for that cause, be reversed.
But it becomes our duty also to notice an error to the prejudice of the appellees.
John G. Campbell, father of the appellees, and husband of the appellant Anne, the executrix, devised to his wife his whole estate during her life or widowhood,with power, during her widowhood, to sell the land, and, in that event, one third of the proceeds of such sale, and one third of the personal estate, was to belong to her during her life ; and the whole was to go to the children after her death.
About two years after the probate of the will, she intermarried with her co-appellant, without having sold the land, or renounced the provision made for her by the will.
*230 The circuit court decreed to her, dower in the land • and, in that, we think the court erred.
There is nothing in the will which will authorize a court to infer, that the testator intended that, if his widow should marry without having previously sold the land, she should have any thing ; and extraneous facts are not competent to prove such an intention.
It may be urged that, as the testator gave to his wife one third of his estate during her life, in the event of her selling the land during her widowhoód,we may presume that he intended that, whether she should sell thé land, or not, she should be entitled, for life, to the same provision. We acknowledge that we cannot perceive any reason why, if he intended that she should have nothing in the event of her marrying again without having sold the land, he devised to her one third of his estate during life, if she should, during her widowhood, sell the land. But, however incongruous such a provision may be, or however incomprehensible may be the motive and object of it, as there is no intimation in. the will of an intention that, if she should marry again without having elected to sell the land and take the benefit of the contingent legacy to her during life, she should have the whole, one third, or any other part of his estate, or that she should come in under the law as if no will had been made: we cannot make a will for him ; nor can we supply that which he may have inadvertently omitted, unless the will itself had furnished sufficient data for ascertaining that something was .omitted through mistake, and what that something was. The will expressly limited the estate to widowhood, and made no other or further provision, excepting for one third during life, provided the widow should, before marriage, elect to sell the land and distribute the, proceeds, and we are not allowed to presume that any thing else was intended, or what else was contemplated.
The devise to the wife during her widowhood should not be construed as a condition in restraint of marriage ; but should be deemed only an allowable limitation to the estate devised. The marriage, ipso facto, terminated the divisee’s right to any portion pf the estate as derived *231 from the will. And, as she had not renounced the provision made for her by the will, but had elected to hold under the will, she cannot be entitled to any part of the estate by operation of law, and contrary to the provisions of the will. Having elected to hold under the will, and having so held until after the time allowed for renunciation had expired, she cannot now be permitted to assert a right against the will, or independently of it. As, therefore, she terminated her interest as devisee, by her second marriage, she can have no right now to any portion of the testator’s estate which was devised.
Man and wife continuing to oc cupy the estate, which her former husband had devised to her during widowhood,then to his children, must account for the rents, from the time of her second marriage ; and may charge them for support $-c. — not exceeding the income of their estate.
The whole estate being devised to the wife, during widowhood, she can'not be allowed for the support of the children while she so held the estate.
The appellants should, of course, be charged with rent from the date of their marriage, when the wife’s title ceased ; and from the same time, they should be allowed a resonable compensation (not exceeding the profits of their estate,) for supporting and educating the ap-pellees. Nothing before that time should be allowed, because it was obviously the intention of the testator that, whilst the mother was entitled to the whole estate, the children should participate in the profits, and should be permitted to live with her without charge for maintenance. -
We cannot tell whether the ultimate decree will be better for the appellants than that of which they now complain, and which must be reversed at their instance, whatever may the consequences to them.
Wherefore, it is decreed by this court, that the decree of the circuit court be reversed, and the cause remanded, for such further proceedings as shall be proper, and for such final decree as may be equitable, according to the principles of this opinion.