HARRISON GRAY OTIS *vs.* FREDERICK O. PRINCE & others, trustees.

A testator devised real estate to his grandson in fee; and by a codicil directed the estate to be held by trustees, "in trust to pay over to him quarterly the net income of said estate, so long as he shall remain unmarried; and, in the event of his marriage or his dying unmarried, to convey the estate to his heirs." *Held,* that the restraint upon marriage was against the policy of the law, and the gift over was void.

ACTION OF CONTRACT against the trustees under the will of Harrison Gray Otis, the plaintiff's grandfather, to recover a quarter's income of real estate devised to the plaintiff in fee ·by that will, but as to which a codicil contained the following provision :

" I so far modify my devise in said will to my grandson Harrison Gray Otis, Jr., that I direct the real estate, therein devised for his benefit, to be held in trust by my said three sons, the survivors or survivor of them, and his heirs, in trust, to pay over to him quarterly the net income of said estate, deducting all expenses for repairs and insurance, so long as he shall remain unmarried ; and in the event of his marriage or dying unmarried, to convey the same to his legal heirs."

The plaintiff was afterwards legally married ; and the trustees refused to pay the subsequent income to him. The parties stated the above case to the court.

*E. F. Head,* for the plaintiff, argued in writing.

*F. O. Prince,* for the defendants, submitted the case ·without argument.

THOMAS, J. By the original will the estate is given to the plaintiff in fee simple. The codicil devises the estate in trust to pay the net income to the plaintiff so long as he shall remain unmarried, and, in the event of his marriage or dying unmarried, to convey it to his legal heirs.

The condition is subsequent, and the restraint upon the marriage of the grandson without limitation as to time or person. It is therefore clearly against the policy of the law, and void, unless there is a valid gift over. *Parsons* v. *Winslow*

49 *

6 Mass. 169. *Lloyd* v. *Branton,* 3 Meriv. 108. *Morley* v. *Rennoldson,* 2 Hare, 570. 1 Jarman on Wills, 843. 1 Story on Eq. §§ 280, 288.

The trustees upon the marriage are to convey the legal estate to the heirs of the plaintiff. It is very familiar law that a devise to the heirs of one living is void. *Nemo est hæres viventis.* Shep. Touchst. 415. 6 Cruise Dig. tit. 38, *c.* 10, § 37.

There are exceptions to the rule, as well settled perhaps as the rule itself; as where, in the case of a devise, it is plain from the whole will that the testator intended to use the words " heirs " or " legal heirs " as words of description or purchase. Upon the examination of the will of Mr. Otis we find no manifestation of such purpose. Assuming that there was no inadvertency or mistake in the drafting of this clause, there are no clear indications that the words " legal heirs " were to be used in any other than their ordinary legal sense. The result is that the equitable devise over is void. *Heard* v. *Horton,* 1 Denio, 165.

*Judgment for the plaintiff.*