IN RE WILL OF R. C. MILLER.

(Filed 8 May, 1912.)

1. Wills, Interpretation of — Intent — Devises—Restraint of Marriage—Conditional Limitations.

While a condition subsequent annexed to a devise of lands in general restraint of marriage, *i. e.,* without limitation as to time or person, will be disregarded, as a rule, the principle will not ordinarily obtain in the case of an estate upon limitation or a conditional limitation, where by the terms of its creation the estate is so defined and limited that it terminates of itself on the happening of the contingent event, without entry or other action on the part of the grantor or his proper representative.

*In re* MILLER.

**2. Same—Evidence.**

When it appears from the perusal of the entire will and the facts and circumstances permissible in aid of a proper interpretation, that the testator intended to make provision for a beneficiary while she remain single, and the words used are not intended as a restraint upon marriage, the qualifying words will be given effect according to the testator's devise as intended and expressed by the will.

**3. Same.**

A testator devised his only land, his home place, to his widow, and to two daughters "during their natural lives; but in case either or both marry again, this becomes void. In the case of the marriage of one, the remaining one will hold until her death or marriage," with limitation over, to his son for life, then to his wife for her life or widowhood, and then to their children as purchasers: *Held*, the qualifying words used in respect to the marriage of the testator's daughters, when properly construed from the will and attending circumstances, were not intended as in restraint of their marriage, but as a provision for their support until the marriage occurred.

APPEAL from *Lyon, J.*, at March Term, 1912, of MECKLEN-BURG.

Civil action, heard on case agreed. It was made to appear that R. C. Miller died in said county on 5 October, 1902, having duly made his last will and testament, leaving him surviving his widow, Margaret E. Miller, a daughter, Mary E. Miller, and a son, John L., who had a wife, Lucy, living and several children, all of whom are parties; that the widow of the testator, Margaret E., died 22 August, 1908, without having remarried; that the daughter, Mary E., lived with her father and mother on the tract of land until they died and afterwards until 18 April, 1911, when she was married to Charles F. Smith, with whom she is now living as his wife; that Mary E. Miller, now Smith, continued in possession of the tract of land, receiving the rents and profits until 1 May, when John L. Miller went into possession and control and received rents and profits until 1 January, 1912, and holds same to the amount of $70; and since 1 January, 1912, the property has been leased, and the lessees withhold the rents pending the controversy.

In his last will and testament R. C. Miller made disposition of this property as follows:

---

*In re* MILLER.

---

I, R. C. Miller, of the State and county above mentioned, being in sound mind, and knowing the uncertainty of all earthly affairs, do herein publish and declare this my last will and testament, viz.: I direct my executor hereinafter mentioned to give me fitting burial and pay all my just debts.

Article 1. I give and bequeath to my wife, Margaret E. Miller, and my daughter, Mary E. Miller, the place where I now live, being my entire landed estate, to hold with all the rights and privileges pertaining thereto, during their natural lives; but in case either or both marry again, this becomes void. In case of the marriage of one, the remaining one will hold until her death or marriage.

Art. 2. I further direct that at the death or marriage of both, the above mentioned estate shall go to my son, John L. Miller, and at his death to his wife, Lucy Miller, during her life or widowhood; in case of marriage or death, the property must be equally divided between their children.

Art. 3. After the payment of my debts, I further direct that my entire personal property remain as it is, in possession of my wife, Margaret E. Miller, and at her death or marriage it shall be equally divided between my children, W. C. Miller, Elsie Houston, Anabella Gillespie, and Mollie Miller.

Art. 4. I appoint my son, John L. Miller, my executor to this my last will and testament, and direct him to see that every clause in the above mentioned be carried out to the full letter of the law.                                (Signed) R. C. MILLER.

The controversy is concerning the real estate and the rents arising therefrom since the marriage of Mary E. Miller. John L. and his wife and children, devisees, contending that on the marriage of Mary E. the land in question passed to them under the terms of the will, and Mary E. contending that the conditions annexed to the devise to her was contrary to public policy and void as being in general restraint of marriage. The court being of this opinion, entered judgment declaring Mary E. Miller entitled to the life estate and the rents during said term, whereupon John L. Miller, etc., excepted and appealed.

*In re* MILLER.

Shannonhouse & Jones for John L. Miller et al., appellants.
Stewart & McRae for Mary E. Smith, appellee.

HOKE, J., after stating the case: The question chiefly presented on this appeal has been very much discussed by the courts and there seems to be a great contrariety of decisions concerning it. Without attempting to explain or even refer to many of the cases on the subject, we consider it as established, certainly by the weight of authority, that where an estate or interest is definitely conveyed, with a condition subsequent annexed in general restraint of marriage, that is, without limitation as to time or person, the condition, as a rule, will be disregarded. *Watts v. Griffin,* 137 N. C., 572; *Otis v. Prince,* 76 Mass., 581; *Harmon v. Breron,* 58 Indiana, 207; Hopkins on Real Property, p. 173. The principle does not ordinarily obtain in the case of an estate upon limitation or a conditional limitation; where, by the terms of its creation, an estate is so defined and limited that it terminates of itself on the happening of the contingent event without entry or other action on the part of the grantor or his proper representative, an estate not infrequently instanced where a testator has made a devise or bequest in favor of his widow while she remains unmarried. *Bostick v. Blades,* 59 Md., 23; *Coppage v. Alexander Heirs,* 41 Ky., 315; *Hibbits v. Jack,* 97 Ind., 570; *Holtzs Estate,* 36 Pa. St., 422; *Pringle v. Dunkly,* 22 Miss., 16; Mordecai's Law Lectures, pp. 521-522; 4 Kent's Commentaries, pp. 125-126.

Even though the words used may, in strictness, be those of condition subsequent, if there be a limitation over to a third person, the courts are inclined to consider it as an estate upon limitation rather than one upon condition. It seems that this fact of a limitation over is only allowed as controlling in cases of bequests of personalty. See notes to case of *Coppage v. Alexander Heirs, supra,* reported in 38 Am. Dec., p. 159; but both Blackstone and Kent speak of it as prevailing in devises of realty also. 4 Kent, p. 126; 2 Blackstone, p. 155. But whether made determinative in cases of real property or otherwise, and whether the facts bring the present case within the principle or not—and we are inclined to think they do (see *Stillwell v. Knapper,*

69 Ind., 558)—the fact that there is such a limitation over should always be given full and proper weight in arriving at the mind and will of the testator and determining whether the disposition made of the property shall be considered an estate upon limitation or a condition *in terrorem,* void as being in general restraint of marriage. Pursuing this suggestion, there is well-considered authority to the effect that, although the terms used may ordinarily import a condition if, from a perusal of the entire will and the facts and circumstances permissible in aid of a proper interpretation, it appears that the testator intended to make provision for a beneficiary while she remained single, and that the words were not used and intended as a restraint upon marriage, the qualifying words will be given effect according to testator's devise as intended and expressed in the will. *Chapin v. Cook,* 73 Conn., 72; *s. c.,* reported and annotated in 84 Am. St., pp. 139-149; *Mann v. Jackson,* 84 Mo., 400; *Estate Margaretta R. Holbrook,* 203 Pa. St., 93; *s. c.,* 5 Anno. cases, p. 137, a position approved in 2 Jarmon on Wills, p. 572, making citations from *Jones v. Jones,* 1 Q. B. D., 279; 1 Underhill on Wills, sec. 505; Tiedeman on Real Property, sec. 281.

In the citation to Underhill the author says: "The authorities distinguish between a provision for a legatee 'until he or she shall marry,' or 'while she is unmarried,' and an estate upon condition subsequent terminating by the marriage of the legatee. The distinction is largely technical, depending upon the exact language used; but the test is, 'What was the purpose of the gift? What did the testator intend to accomplish?' If it is apparent from the will that he did not intend to prevent a marriage or to condemn the legatee to a life of celibacy, but that he intended solely to provide for her support while unmarried, and that, as soon as she was in a, position to be supported by her husband, he desired the provision to cease and the property to be devoted to others, it is valid. The law will regard it as an estate upon limitation, not as an estate upon condition, and the gift over will go into effect as a conditional limitation."

*In re* MILLER.

Applying this, in our opinion, the controlling principle on the facts presented, we hold the devise in question to be an estate upon limitation, and, on the marriage of the daughter, the estate passed to the son and his wife and their children, as expressed in the will. Here was a testator, owning a small tract of land, on which he and his wife and daughter had lived and, from a consideration of the circumstances and a perusal of the entire will, it was his desire and intent to provide a home for his widow and daughter while they lived or remained unmarried, and, in case either married, the survivor was to hold; and on the death or marriage of both, the estate should go to the son, his wife and their children, the design evidently being that if the widow or daughter married, they should thereafter look to the husband for support. True, the testator at first uses apt words of condition: "But in case either or both marry again, this becomes void," but he immediately adds: "In case of the marriage of one, the remaining one will hold till her death or marriage," showing that an estate upon limitation was meant; and this, in connection with the devise over to his son for life and then to his wife for her life or widowhood, and then to their children as purchasers, on principle and authority, gives clear indication that the qualifying words may not be properly construed as words *in terrorem,* void because intending to restrain marriage, but as a provision for the support of the devisees until the marriage occurred.

The case is very similar to that of *Jones v. Jones, supra,* cited by Mr. Jarmon, and finds support, also, in *Martin v. Seigler* (S. C.), 10 S. E., p. 1073.

There is error, and this will be certified, that judgment be entered for the ultimate devisees.

Reversed.