A. W. GARD AND WIFE, ELIZABETH, AND VERTIE BURTON v. CORA L. MASON AND HER HUSBAND, Z. L. MASON.

(Filed 22 September, 1915.)

**Deeds and Conveyances—Conditions Subsequent—Restraint of Marriage.**

Where a deed to land is clearly and unambiguously expressed, and conveys it to another, but upon a condition subsequent in general restraint of marriage, the condition, as a general rule, will be disregarded; and a conveyance of the land to C., with full covenants of warranty, but if C. should marry, the property shall revert to the grantor, is construed to be in fee simple, the condition annexed being in general restraint of marriage, and therefore void. *Miller's case*, 159 N. C., 123, cited and distinguished.

APPEAL by defendant from *Justice, J.,* at the February Term, 1915, of PASQUOTANK.

Proceedings for sale of land for division, instituted by plaintiffs before Superior Court Clerk of Pasquotank County. Defendant having pleaded sole seizin of the land in Cora L. Mason, the cause was transferred to the civil-issue docket of Superior Court of said county.

At close of plaintiff's testimony, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Aydlett & Simpson and J. B. Leigh for plaintiff.*
*Ward & Thompson for defendant.*

HOKE, J. On the hearing it was made to appear that on the first day of August, 1911, T. M. Gard and his wife, Colinda, executed to their daughter, Cora L. Gard, a deed in fee simple for the house and lot in controversy, with full covenants, and that, just after the description of the property, the said deed contained the following provision: "It is understood and agreed between all the parties herein that if the said Cora L. Gard marries, this property reverts back to the said grantors, their heirs and assigns"; that, at the time of the execution of the said deed, the grantors had three children, plaintiffs, A. W. Gard and his sister, Vertie Burton, and Cora Gard, grantee in the deed, who was

then single, living on the property with the father and mother; that the mother died in 1911, the father in April, 1913; that Cora L. Gard, grantee in the deed, intermarried with her codefendant, Z. L. Mason, in February, 1913, and, after the death of the father, the other two children, A. W. Gard and his sister, Vertie Burton, instituted this proceeding against Cora and her husband, claiming that, under and by virtue of the stipulation in the deed, the title had reverted to all the children and heirs at law. Defendants contended that the stipulation was void as being in restraint of marriage, and his Honor being of that opinion, judgment of nonsuit was entered, as heretofore stated.

It is the principle very generally recognized here and elsewhere that, when an estate has been definitely conveyed to another, a condition subsequent, in general restraint of marriage, will, as a rule, be disregarded. *In re Miller,* 159 N. C., p. 123; *Watts v. Griffin,* 137 N. C., p. 572; *Otis v. Prince,* 76 Mass., 581; *Phillips v. Ferguson,* 85 Va., 1 L. R. A., 837; *Lowe v. Doremus,* 84 N. J. L., 658; *Sullivan v. Gavesche,* 229 Mo., 170; *In re Alexander,* 149 Cal., 151; 2 Devlin on Deeds, 3d Ed., p. 1792.

The instrument being free from ambiguity, the language expressing plainly and distinctly the meaning of the parties, there is no place for extraneous evidence in aid of its interpretation; *Gilbert v. Shingle Co.,* 167 N. C., p. 286, and the case presented is that of a deed with full covenants, conveying the property to *feme* defendant and containing a stipulation in the nature of a condition subsequent in general restraint of marriage and we concur in the ruling of his Honor that the stipulation is void.

We are reminded that in *Miller's case,* 159 N. C., p. 123, the provision in apparent restraint of marriage was upheld, and it is insisted that the decision is direct authority in support of plaintiff's position, but, in *Miller's case,* it will be noted that there was language on the face of the will which tended to show that a conditional limitation was intended, and much stress was given, also, to the fact that there was a limitation over, a circumstance that is usually made determinative in personal property and is always allowed much weight in cases of real estate.

Speaking to this question, in *Miller's case,* the Court said: "Even though the words used may, in strictness, be those of condition subsequent, if there be a limitation over to a third person, the courts are inclined to consider it as an estate upon limitation rather than one upon condition.

It seems that this fact of a limitation over is only allowed as controlling in cases of bequests of personalty. See notes to case of *Coppage v. Alexander heirs, supra,* reported in 38 Am. Dec., p. 159; but both Blackstone and Kent speak of it as prevailing in devises of realty also. 4 Kent, p. 126; 2 Blackstone, p. 155. But whether made determinative in cases of real property or otherwise, and whether the facts bring the

present case within the principle or not—and we are inclined to think they do (see *Stillwell v. Knapper,* 69 Ind., 558)—the fact that there is such a limitation over should always be given full and proper weight in arriving at the mind and will of the testator and determining whether the disposition made of the property shall be considered an estate upon limitation or a condition *in terrorem,* void as being in general restraint of marriage."

In our case, there is no perplexity by reason of the language used, nor is there any limitation over, but, as stated, an ordinary deed with full covenants, containing a stipulation in general restraint of marriage.

We find no error in the trial, and plaintiff's judgment of nonsuit must be affirmed.

No error.