## Eastham, et al. v. Eastham, et al.

(Decided May 24, 1921.)

### Appeal from Pulaski Circuit Court.

1. Estates—Difference Between Limitation and Condition.—The difference between a limitation and a condition is that in the case of a limitation the estate determines as soon as the contingency happens, without any act on the part of him who is next in expectancy, while in the case of a condition, the estate continues beyond the happening of the contingency unless the grantor or his heirs, or the devisor or his heirs, take advantage of the breach of the condition and make an entry or claim in order to avoid the estate. Furthermore, if the condition be void, the grantee takes the estate freed of the condition, and the condition is void if impossible at the time of its creation, or afterwards becomes so by the act of God, or of the grantor, or if it is contrary to law or to public policy or repugnant to the nature of the estate.

2. Deeds—Estate Created— Limitation— Condition—Construction.— A deed from a husband to his wife containing the provision, "The second party is to have the first described property so long as she lives or remains his widow, should first party die first. At the death of second party, or should she marry again, then this property goes to the children of the first party by his first and second wife," conveyed an estate on limitation and not on condition.

WM. M. CATRON for appellants.

BEN V. SMITH & SON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the year 1903, R. L. Eastham, in consideration of the love and affection which he had for his wife and children, conveyed to his wife three acres of ground on Mt. Vernon street in the city of Somerset, and his undivided one-half interest in a business house fronting on the public square in said city. The deed contains the following provision:

"The second party is to have the first described property so long as she lives or remains his widow, should first party die first. At the death of second party, or should she marry again, then this property goes to the children of the first party by his first and second wife."

R. L. Eastham had two children, Rouse and Robert Eastham, Jr., by his first wife and four children, Chauncy, Bert, Bess and Louise, by his second wife.

Bess Eastham died in infancy and without issue, and her interest passed to her father, R. L. Eastham.

'In the month of October, 1919, R. L. Eastham sued Lola Eastham for divorce. She filed an answer and counterclaim denying the allegations of the petition, and asking a divorce from R. L. Eastham. On final hearing she was granted a divorce and given the custody of the children.

While the suit for divorce was pending, R. L. Eastham and his wife, Lola, entered into an agreement settling their property rights. By this agreement R. L. Eastham paid to Lola Eastham the sum of $1,500.00 cash, and agreed to pay her the sum of $1,000.00 more in two equal installments, for which he executed his notes. On the other hand, she agreed to convey and did convey to R. L. Eastham all her interest in the property conveyed to her by the deed above referred to.

This suit was brought by R. L. Eastham and Lola Eastham, in her own right and as guardian of the infant defendants, and by Rouse Eastham and Robert Eastham, Jr., againstChauncy Eastham, Bert Eastham and Louise Eastham, for a construction of the deed of 1903 above referred to, and for a sale of the three acres of land on Mt. Vernon street and a division of the proceeds. The court held that, under the deed in question, Lola Eastham took a life estate with remainder to the children of R. L. Eastham by his first and second wives, that R. L. Eastham was now the owner of said life estate, as well as an undivided one-sixth in remainder owned by Bess Eastham to which he acquired title by descent and by the deed which Lola F. Eastham executed to him. It was further adjudged that the property be sold and the proceeds divided in accordance with the terms of the judgment. The infant defendants appeal.

It is conceded that, if the estate which Lola Eastham acquired under the deed of 1903, and which she re-conveyed to R. L. Eastham, terminates in case she marries again, there is no way by which the proceeds of the sale may be properly divided, and no sale is desired.

The difference between a limitation and a condition is that in the case of a limitation the estate determines as soon as the contingency happens, without any act on the part of him who is next in expectancy, while in the case of a condition, the estate continues beyond the happening of the contingency, unless the grantor or his heirs, or the devisor or his heirs, take advantage of the breach of the

condition and make an entry or claim in order to avoid the estate. 21 C. J., p. 930. Furthermore, if the condition be void, the grantee takes the estate freed of the condition, and the condition is void if impossible at the time of its creation, or afterwards becomes so by the act of God or of the grantor, or if it is contrary to law or to public policy, or repugnant to the nature of the estate. 21 C. J. 930; Plumb v. Tubbs, 41 N. Y. 442; Union Pac. R. Co. v. Cook, 98 Fed. 281; Jones v. Chesapeake, etc., R. Co., 14 W. Va. 514; Mahoning County Comrs. v. Young, 59 Fed. 96; Conrad v. Long, 33 Mich. 78; Outland v. Bowen, 115 Ind. 150, 17 N. E. 281, 7 A. S. R. 420; 2 Blackstone Comm., p. 156.

Counsel for appellees have prepared an able and interesting brief in support of the proposition that Lola Eastham took, under the deed in question, an estate on condition, and that the condition is void. Particular stress is placed upon the following discussion of the question in section 254, Graves on Real Property:

"Section 254. *Marriage as a Limitation or Condition Subsequent.* It will conduce to clearness to illustrate the difference between a limitation and a condition by the not uncommon case of a gift to a widow dependent on her not marrying again. Let us suppose first that land is given a widow while she remains unmarried (*durante viduitate*): Is this a limitation or a condition? And if she marries, does she forfeit the estate, or does it expire by limitation? It is not difficult to see that it is a limitation merely, without the semblance of a condition. How long is the land given the widow? While she remains unmarried, or what is the same thing, until she marries. Nothing is said about her life; it is not limitated until her death, but until her marriage. When, therefore, she marries, she has enjoyed all the estate that was given her, and cannot complain that she has lost anything by forfeiture; the land was given her until her marriage, and on that event the estate ends by limitation. And while the estate might have continued until the widow's death, if she had remained unmarried, yet it is not true that on her marriage a larger estate limited is thereby cut short and defeated. The estate is until her marriage, and when that takes place, whether sooner or later, the entire estate given has been enjoyed and is at an end without entry by the grantor.

"But suppose land is given to a widow for life, with a condition superadded that she shall not marry; and with

a proviso that if she does marry, the grantor may enter upon the land immediately, and resume possession. Here the limitation is for life, which is equal to until death. But this is not all. There is superadded or imposed on the limitation a condition, viz., that the widow shall not marry. Suppose, however, she does marry, what is the result? Will her estate, in case the grantor enforces the condition and takes the land from her, end by limitation? Clearly not, for the estate limited was for her life, and would not end by limitation until her death; whereas her estate is divested and ends on her marriage—perhaps many years before her death. Hence, the estate has died a violent death; the estate limited to the widow was larger than that which she had enjoyed; the entry of the grantor cuts it short before the time limited. The widow forfeits for breach of condition.

"It may be objected that in the two cases just put the practical effect is the same, whether we regard the language as importing a limitation or a condition; that in either case, if the widow does not marry, her estate continues until her death; while if she does marry, her estate is at an end. But there is an important difference. If the land is given to the widow until she marries, the effect of her marriage is to terminate her estate *ipso facto,* and immediately. No entry by the grantor is required in order to terminate her estate. If the widow remains in possession, it is as tenant by sufferance, or by virtue of some new estate given her by the grantor. When, however, the land is given to the widow for life on condition that she does not marry, the effect of her marriage is not to end her estate *ipso facto;* for a life estate was given her, and that does not expire by limitation or marriage. The grantor must re-enter and take the land, or the widow will remain in possession by virtue of her old estate. In other words, she is liable to forfeit the life estate on her marriage, but if the grantor waives the forfeiture (as he may) the life estate continues to its natural termination."

Let us apply the above test to the language of the deed which is as follows: "The second party is to have the first described property so long as she lives or remains his widow, should first party die first. At the death of second party, or should she marry again, then this property goes to the children of the first party by his first and second wife." Clearly, this is not a case where land is deeded to the grantee for life with a condition super-

added that she shall not marry, and with a proviso that if she does marry, the grantor may enter upon the land immediately and resume possession. The grant is for life or during her widowhood. Not only is the duration of the estate measured by the words, "So long as she lives," but by the words, "or remains his widow." Hence the words, "should she marry again," do not have the effect of defeating an estate already limited, for the grantee in the first instance took only during her widowhood. In other words, the case is one where the estate has already filled out the measure of its limitation, and the words, "should she marry again," no more create a condition than do the words, "at the death of the second party." They merely provide for a limitation over upon the expiration of an estate already limited. This conclusion finds support in Coppage v. Alexander, 2 B. Mon. 313, 38 Am. Dec. 153, the only Kentucky case dealing directly with the question. There the language of the will was: "I give unto my beloved wife, Mary Alexander, the half of my land I now own during her widowhood or life." In holding that the devise was a limitation expressive of the duration of the estate, and not a condition, the court said:

"But waiving the question just mooted, as to the effect of a condition clearly expressed, restricting the marriage of a widow, as unnecessary now to be determined, we are clearly of opinion, looking at the whole contents of the will, that the devise to his wife during widowhood or life, was intended by the testator, and should be construed, as a limitation expressive of the duration of the estate, and not as a condition subsequent or prior; 1 Rop. on Leg., c. 13, 558, 526, *et seq.;* Richards v. Baker, 2 Atk. 321. The testator having made a liberal provision for his wife, in slaves and other property, according to his circumstances, and vested the same in her absolutely, he leaves to her in addition, the one-half of his little farm as a home in effect, during her life if she remained a widow, or during her widowhood only, in case she married. The happening of either event was intended to terminate the estate. It was intended as a benefit *durante viduitate* and no longer. The estate is not vested for life, to be forfeited if she married, but is vested during her widowhood only, in the event of her marriage, and must cease with the termination of her widowhood, as one of the periods to which it was limited, and upon the accrual of which it was made to ex-

pire: Vance and Wife v. Campbell's Heirs, 1 Dana 230.'' The only difference between the two cases is that in the case at bar there is a limitation over, and this is always regarded as a strong circumstance in favor of the construction that the estate is upon limitation rather than upon condition. Frye's Case, 1 Vent. 203; a Bl. Comm. 155; In Re Miller, 159 N. C. 123, 74 S. E. 888. We are therefore constrained to hold that Mrs. Eastham acquired under the deed in question an estate upon limitation and not upon condition. Therefore, her estate ends when she marries again, and so does the estate which she conveyed to her husband.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.