## Jones, Guardian for Stanley Black, et al. v. Black, et al.

(Decided June 7, 1921.)

### Appeal from Knox Circuit Court.

1. Deeds—Estate Created — Conditions — Limitations — Validity of Limitations.—A deed from a husband to his wife with habendum, "To have and to hold unto the party of the second part so' long as she shall remain the wife or the unmarried widow of the party of the first part," creates a limitation but not a condition, and the limitation is valid.

2. Deeds—Estate created—Construction.—Under a deed from a husband to his wife with habendum, "To have and to hold unto the party of the second part so long as she shall remain the wife or

the unmarried widow of the party of the first part," the wife's estate terminates on her death, and the title to her property does not pass to her children.

HIRAM H. OWENS for appellants.

P. D. BLACK for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On January 7, 1909, William Carson Black conveyed to his wife, Etta Shaffer Black, a house and lot located in Barbourville, by deed containing the following habendum:

"To have and to hold unto the party of the second part, Etta Shaffer Black, so long as she shall remain the wife or the unmarried widow of the party of the first part, W. C. Black, with covenant of general warranty."

Etta Shaffer Black, who died September 25, 1917, was survived by her husband, W. C. Black, and four infant children, Stanley Black, Russell Black, John A. Black and Mary Black. In the month of August, 1919, J. R. Jones was appointed and qualified as guardian of the children.

This suit was brought by Jones, as guardian of the infants, against the infants and W. C. Black, their father, and the grantor in the above mentioned deed, for the purpose of selling the property and reinvesting the proceeds. The petition alleged in substance that Etta Shaffer Black acquired a fee simple title by the deed referred to, and that upon her death the property descended to her children subject to the curtesy of her husband, W. C. Black. In addition to filing a demurrer to the petition, W. C. Black filed an answer and cross petition, pleading that Etta Shaffer Black's interest in the property terminated with her death, and thereupon the property reverted to him. The demurrer to the answer and cross petition was overruled, but the demurrer to the petition was sustained and the petition dismissed. Plaintiff appeals.

It will be observed that the property was conveyed to the wife "so long as she shall remain the wife or the unmarried widow of the party of the first part." These words do not have the effect of cutting short or defeating a larger estate before the time fixed for its determination, but measure in the first instance the duration of the entire estate conveyed. That being true, they are words of limitation and not of condition, and the limitation is

valid.   Coppage v. Alexander, 2 B. Mon. 313, 38 Am. Dec. 153; Vance v. Campbell, 1 Dana 229; Chenault v. Scott, 66 S. W. 759.   And since the estate was to continue only so long as the grantee remained the wife or widow of the grantor, it necessarily follows that her estate terminated with her death, and the title to the property did not pass to her children.   Having no title to the property, they could not maintain an action for its sale and a reinvestment of the proceeds.   Hence the petition was properly dismissed.

Judgment affirmed.