BYRD GRIFFIN ET AL. v. LULA M. DOGGETT ET AL.

(Filed 12 November, 1930.)

**Wills E b—Devise in this case created fee upon limitation with reversion to children of devisee by executory devise upon happening of event.**

The testator, knowing the children of his daughter were illegitimate, devised to his daughter after the life time of his wife, his lands to her if she remained unmarried but should she marry to her two illegitimate children the proceeds of sale of the land for equal division between them: *Held,* the remainder to the testator's said two grandchildren is construed to ascertain the testator's benevolent intent to take effect as an executory devise as a limitation after the marriage of the daughter, and not void as being upon a condition subsequent in general restraint of marriage, requiring no reëntry or assertion of claim to defeat the prior estate. *Gard v. Mason,* 169 N. C., 507, cited as not conflicting.

APPEAL by defendants from *Stack, J.,* at May Term, 1930, of GUILFORD.

Civil action in ejectment, heard upon agreed statement of facts.

From a judgment in favor of plaintiffs the defendants appeal, assigning error.

GRIFFIN *v.* DOGGETT.

*Hunter K. Penn and D. F. Mayberry for plaintiffs.*
*John S. Michaux and Frazier & Frazier for defendants.*

STACY, C. J. The case presents for construction the following clause in the will of W. H. Brookbank:

"The land I give and bequeath after the death of my wife to my daughter, Lula M. Brookbank, in fee simple. Provided, she does not marry and in case she should marry then my will is that said lands shall be sold and the proceeds of such sale shall be equally divided between my following grandchildren, Nellie Brookbank and Edna Brookbank, who are the children of Lula M. Brookbank."

Preceding this devise, the testator gave his wife a life estate in all his property. He died 3 February, 1919. His daughter, Lula M. Brookbank, married D. C. Doggett 11 April, 1919. His widow died 7 December, 1929. The plaintiffs are the grandchildren mentioned in the will, and were known to the testator to be the illegitimate children of Lula M. Brookbank.

The case turns on whether the estate in remainder, devised to Lula M. Brookbank, is to be regarded as one upon limitation, determinable upon her marriage, or as one upon condition *in terrorem,* void because in general restraint of marriage. We think the trial court correctly held, under the decision in *In re Miller,* 159 N. C., 123, 74 S. E., 888, that it is an estate upon limitation, rather than one upon a void condition subsequent.

It was not the purpose of the testator to prevent the marriage of his daughter, but rather to aid her during celibacy, and as soon as she was in position to be supported by her husband, it was his desire that the property should go to her illegitimate children. This imputes to the testator a magnanimous spirit, rather than one which the law condemns. Generous impulses of mind and heart ought not to be thwarted by an awkward use of words, and will not be, when such lawful intent of the testator is clearly discernible from the writing which he leaves. *Ellington v. Trust Co.,* 196 N. C., 755, 147 S. E., 286.

Even though the words used may, in strictness, be those ordinarily employed to denote a condition subsequent, nevertheless, if followed by a limitation over to a third person, which vests without the necessity of entry or claim, rather than by provision for reverter, which requires re-entry or assertion of claim to defeat the prior estate, the courts are inclined to construe such a gift or devise as a limitation and not a condition. Mordecai's Law Lectures, 522; 4 Kent's Com., 125-126.

The will then, as we interpret it, creates a life estate in the wife, with remainder upon limitation to the testator's daughter, followed by an executory devise to his named grandchildren. *In re Miller, supra.*

The decision in *Gard v. Mason,* 169 N. C., 507, 86 S. E., 302, strongly relied upon by appellants, is not at variance with this position.

There is no difference in principle, so far as the vesting of the right is concerned, between a direction to divide the property and a direction to sell the property and divide the proceeds. *Witty v. Witty,* 184 N. C., 375, 114 S. E., 482.

Affirmed.