## Charles et al. v. Shortridge et al.

Feb. 28, 1939.

R. MONROE FIELDS, Judge.

**184**

FRANK W. STOWERS and STRATTON & STEPHENSON for appellants.

E. J. PICKLESIMER and W. A. DAUGHERTY for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This suit involves the construction of a deed, the essential provisions of which are:

"This deed of conveyance, made and entered into this 27 day of Dec. 1918 between John Shortridge, party of the first part, and Laura Shortridge, party of the second part:

"Witnesseth: That the said party of the first part for and in consideration of the sum of $500.00 Five Hundred Dollars in hand paid as long as she remains my wife and if not this is to be null and void do hereby sell and convey to the party of the second part, his (her) heirs and assigns, the following described property, to-wit:

"One certain tract of land lying on Card Creek, Pike County, Ky known as the Abner Carr Farm. Begins at 2 locust on the state line running with Bill Ramey tract of land then with Bill Slone line and then crossing over Card Creek thence up with ridge between Hackney's Creek and Big Card Creek, thence with same line to the Beginning so as to include all land I own in said boundary. Also she is to have all I own.

"To have and to hold the same, together with all the appurtenances thereunto belonging, unto the party of the second part heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part, that he will warrant the title to the property hereby conveyed unto said party of the second part and their heirs and assigns forever."

Laura Shortridge died at the home of her father in Virginia, in July, 1921. She had been in poor health for approximately a year prior to her death, and her husband, John Shortridge, went with her to Virginia and stayed there with her a part of the time. After the death of Laura Shortridge, John Shortridge returned

to Pike County and continued to live on the land in question until the time of his death in March, 1933. No question seems to have been raised as to his title or occupancy of the land during that period. John Shortridge died intestate, leaving six children. One son, Sherman, sold his one-sixth interest in the land to appellants, and plaintiffs below, J. T. Charles, R. T. Elswick and Landon Elswick. These three parties brought suit against the remaining five heirs and two other parties, who had purchased an interest in timber on the land, to have the land divided and to share in the timber that had been removed therefrom. One of the parties alleged to have had an interest in the timber had purchased it from John Shortridge prior to the time of his death, while the other party had purchased his interest from the appellees, Crockett and Columbus Shortridge. Cleveland Shortridge and his sisters, Eva Slone and Jean Moles, were originally made parties defendant, but were later made parties plaintiff. Subsequently they were permitted to file an answer, cross petition and counterclaim as parties defendant. Appellees, Crockett and Columbus Shortridge, denied that appellants had any interest in the land or the timber, and set forth that the deed made to Laura Shortridge by John Shortridge in December, 1918, conveyed to her such title that at the time of her death the land vested in her heirs; the condition in the deed not having been breached. These appellees set forth further that the Pike circuit court had approved the sale of the land by the guardian of Barbee Presley, infant son of Laura Shortridge by a former marriage, to them. A sale to them of the approximately 350 acres of land for a consideration of $400 had been approved.

On June 26, 1936, the trial court adjudged that the deed from John Shortridge to Laura Shortridge vested in the grantee, Laura Shortridge, a defeasible fee subject to be defeated on the grantee ceasing to be the wife of the grantor during her lifetime. Subsequently a judgment was entered directing that the petition and cross petition be dismissed. An appeal to this Court was granted, and the appellants, plaintiffs and cross petitioners below, now urge that the judgments be reversed because the trial court erred in not construing the deed from John Shortridge to Laura Shortridge as conveying at most a life estate to the wife.

Appellees insist that, when the granting and the

habendum clauses of the deed are considered together, it can be seen that there was only a condition and not a limitation in the deed, and that a defeasible fee title was created in Laura Shortridge subject to be defeated only in case she ceased to be the grantor's wife during her lifetime. In support of this contention the cases of Hinkle v. Hinkle, 168 Ky. 286, 181 S. W. 1116, Grubbs v. Grubbs, 190 Ky. 258, 227 S. W. 272, and Davis v. Bennett's Ex'x, 272 Ky. 674, 114 S. W. (2d) 1150, are cited. These cases, which involve interpretations of wills, hold generally that, where there is doubt, it will be presumed that it was the intent to devise an absolute rather than a qualified estate, and that a devise or grant made subject to certain conditions is a defeasible fee which will ripen into an absolute fee in the event the conditions do not materialize. But we do not think that the holdings in these cases are applicable to the case at bar.

In the case of Jones v. Black, 191 Ky. 831, 231 S. W. 512, there was involved the following provision in a deed from a husband to his wife:

"To have and to hold unto the party of the second part, Etta Shaffer Black, so long as she shall remain the wife or the unmarried widow of the party of the first part, W. C. Black, with covenant of general warranty."

In holding that Etta Black, who was survived by her husband, took only a life estate under that deed, we said:

"It will be observed that the property was conveyed to the wife 'so long as she shall remain the wife or the unmarried widow of the party of the first part.' These words do not have the effect of cutting short or defeating a larger estate before the time fixed for its determination, but measure in the first instance the duration of the entire estate conveyed. That being true, they are words of limitation, and not of condition, and the limitation is valid. Coppage v. Alexander's Heirs, 2 B. Mon. 313, 38 Am. Dec. 153; Vance v. Campbell's Heirs, 1 Dana, 229; Chenault v. Scott [Ky.] 66 S. W. 759, 23 Ky. Law Rep. 1974. And, since the estate was to continue only so long as the grantee remained the wife or widow of the grantor, it necessarily follows that her estate terminated with her death, and

the title to the property did not pass to her children. Having no title to the property, they could not maintain an action for its sale and a reinvestment of the proceeds. Hence the petition was properly dismissed.''

No provision was incorporated in the deed from John Shortridge to Laura Shortridge relating to what was to happen in the event John Shortridge died before his wife. In this connection it is significant that the granting clause of the deed contained these words: ''as long as she remains my wife and if not this is to be null and void.'' Even when the deed from John Shortridge to Laura Shortridge is considered as a whole, we think that it is clear that the wording of the deed just quoted is definitely a limitation and not a condition. The limitation was valid, and at the death of Laura Shortridge in 1921, her estate terminated and the title to the property vested in John Shortridge. The trial court erred, therefore, in adjudging that Laura Shortridge had a defeasible fee in the property, subject to be defeated upon her ceasing to be the wife of John Shortridge during her lifetime, and also in dismissing the petition of the plaintiffs and the answer, counterclaim and cross petition of the cross petitioners.

Judgment reversed with directions for proceedings consistent with this opinion and with the right of the parties to take proof on the value of the timber.