## Illinois Central R. R. Co. v. Futrell.

(Decided February 1, 1911.)

## Appeal from Marshall Circuit Court.

1. Continuance—Surprise.—Where plaintiff, in an action for damages for personal injuries, and his witnesses testify that the accident occurred on a certain date, and the cash fare receipt given him by the conductor bears a different date, defendant is not entitled to a continuance on the ground of surprise for the date on the cash fare receipt is only a circumstance tending to show that the accident occurred on a different date, and is not conclusive of that question.

2. Answer—Agreement to Controvert of Record—Second Answer.— Where it is agreed between the parties that the affirmative alle-

rations of an answer shall be controverted of record, and that answer is withdrawn and a second answer filed in lieu thereof, the agreement extends to the substituted answer, and the affirmative allegations are likewise controverted of record.

TRABUE, DOOLAN & COX, OLIVER & OLIVER, BLEWEET LEE, W. S. HORTON and C. L. SIVLEY for appellant.

JACK E. FISHER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, D. D. Futrell, brought this action against the appellant, Illinois Central Railroad Company, to recover damages for personal injuries alleged to have been received by him while attempting, on January 15, 1910, to board one of appellee's passenger trains. Appellant moved to make the allegations of the petition more specific, and that appellee be required to show whether the train was a passenger or a freight train and the time of its arrival at, and departure from the station where the alleged injuries took place. Thereupon appellee amended his petition and stated that the train was No. 121, that it was a passenger train, and passed the station, Styles, at about four o'clock in the afternoon. After appellant's demurrer to the petition was overruled, it filed an answer denying the allegations of the petition. By agreement of the parties an order was then entered controverting of record the affirmative allegations of the answer. When the case was called for trial both parties announced ready. While appellee was upon the stand he produced a cash fare receipt which appellant's counsel claim was dated January 4, 1910. Thereupon appellant asked and was granted leave to withdraw the original answer. It then filed a pleading denominated "second answer," by which it admitted that appellee was a passenger at the time and place complained of, but denied negligence on its part. The "second answer" also contained a second paragraph which pleaded contributory negligence on the part of appellee. To this answer appellee filed no reply. At the conclusion of the evidence, appellant entered a motion to discharge the jury and continue the case on the ground of surprise; and in support of this motion it filed the affidavit of its attorney. The ground of surprise was that the cash fare receipt bore date January 4, 1910, instead of January 15, 1910, and that appellant had been misled as to the date when

the injury occurred. This motion was overruled. The trial resulted in a verdict for appellee in the sum of $300.00. Thereupon appellant entered a motion for a judgment notwithstanding the verdict. This motion was overruled, as was also its motion for a new trial. From the judgment based on the verdict this appeal is prosecuted.

The evidence of appellee and one other witness is to the effect that appellee flagged passenger train No. 121, which arrived at Styles about four o'clock on the afternoon of January 15. Before he had been given a reasonable opportunity to board the train, it was suddenly started and appellee was injured. The facts connected with appellee's injuries and the extent thereof, we deem it unnecessary to discuss, for the reason that the only two grounds urged for reversal are: First, the failure of the court to set aside the jury and continue the case on the ground of surprise; second, the failure of the court to award appellant a judgment notwithstanding the verdict.

While the cash fare receipt is not in the record, its absence is not due to any fault of counsel for appellant, as counsel asked that it be made a part of the record, but their motion to that effect was denied. Counsel claim that the receipt bore date of January 4, 1910, and that this showed the injury occurred on a different date from that alleged in the petition, and that appellant was therefore entitled to a continuance. Even if it be admitted, however, that the receipt was dated January 4, this was by no means conclusive of the fact that the injury occurred on that day. As a matter of fact, the receipt may have been misdated. Appellee and the witness who went with him to the train both state that January 15th was the date on which the injury occurred, and the instructions of the court authorized a recovery only in the event the jury believed the accident occurred on that day. The date on the cash fare receipt was simply a circumstance tending to show the contrary, and doubtless was considered by the jury in reaching its verdict. If the evidence had been overwhelming to the effect that the accident occurred on January 4th, instead of January 15th, there might have been some good reason for continuing the case. The court did not err in going on with the trial, merely because the cash fare receipt bore a date different from that on which appellee claims the injury occurred.

But it is insisted that, inasmuch as there was no denial of appellant's plea of contributory negligence con-

tained in the "second answer," the court should have awarded appellant a judgment notwithstanding the verdict. Appellant in its original answer denied all the allegations of the petition, including the fact that appellee was a passenger. In its second answer it simply admitted that appellee was a passenger, and denied negligence. In addition to this it pleaded contributory negligence. As there was nothing to be gained by simply admitting that appellee.was a passenger on the train in question on the afternoon of January 15th, it is perfectly manifest that appellant's sole purpose in withdrawing the original answer and filing the "second answer" was to avail itself of the plea of contributory negligence which was omitted from the original answer. Before filing the "second answer" appellant asked for, and was granted permission to withdraw its original answer. That being true, the additional pleading, though it was denominated a "second answer," was in effect a substituted answer and took the place of the original answer which had been withdrawn. When, therefore, it was filed as a substituted answer and took the place of the original answer, we conclude that it was controverted of record just as the original answer was controverted of record. Had appellant simply left on file the original answer, and thereafter attempted to file an amended answer, a different rule would doubtless prevail. But where one answer is filed in place of another, which is withdrawn, it is filed subject to the same condition that attaches to the original answer. Furthermore, the case was tried out upon this theory. The issue of contributory negligence was submitted to the jury, which found adversely to appellant. Under these circumstances, we conclude that the court properly refused to award appellant a judgment notwithstanding the verdict.

Judgment affirmed.