## Morgan, et al. v. Christian, et al.

(Decided February 1, 1911.)

### Appeal from Ohio Circuit Court.

Wills—Construction of.—Where it was prominently presented in a will that the testator wanted his wife to be comfortably provided for so long as she remained his widow, but if she married again he wanted his lands to go to his children, directing how the lands should in that event be divided, the intention of the testator is easily ascertained, and upon the marriage of the widow all her interest in the land ceased, her children becoming the owner of it.

J. P. SANDEFUR and BARNES & ANDERSON for appellants.

GLENN & SIMMERMAN for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

In the fall of 1895, John H. Tanner, a resident of Ohio county, Kentucky, died, and at the November term of the county court for said county, the following was probated as and for his last will:

"State of Kentucky, County of Ohio, This September 26, 1895.

"In the presence of Almighty God and these witnesses, I hereby make my will as follows:

"I will my wife, Sarah B. Tanner 64 1-2 acres, more or less of land, the home farm, and I also will Sarah B. Tanner 87 acres, more or less. I also give her the right to sell 87 acres of land to William McLellan Tanner and Isaac H. Tanner, that she has the right to sell it and no one can interfere. I also give the boys enough timber to repair their place, provided, they buy it. I as will her her one yoke of steers and cow and two yearlings. I also will will her one mare and colt, the mare to Isaac H. Tanner when he is 21 years old. I also will

her my farming implements, and notes and accounts. I also will her my sheep and hogs and also my house furniture and also my part of present crop growing on both farms. I also will her my buggy. I also want her to pay my debts as she makes the money or can. She also can hold this entire property or depts or depts this is my will so long as she remains my widow, and if she marries, the lower tract of land will be equal divided between the boys and Lizzie Tanner home farm.

"JOHN H. TANNER.

"D. P. MOSELEY,
"J. M. RALPH.
"Given under my hand this September 26, 1895."

He left surviving him a wife and three children, two sons and a daughter. The widow took all of the estate under the will and held it until she married Charles Christian, of Daviess county. Following her marriage she surrendered the sixty-four acre tract, known as the home tract, to her daughter, who had theretofore married, gave up the eighty-seven acre tract to her two sons, and moved to the home of her new husband to live. A part of the purchase money remained unpaid on the eighty-seven acre tract, and the boys sold off a small portion thereof to pay this debt. After this was done they divided the balance between them.

The daughter and her husband took charge of the home tract, listed it for taxation, paid the taxes, and used it as they pleased. They borrowed money from three different persons and mortgaged the land to secure the loans. The mortgage debts matured, and, being unpaid, suit was instituted to collect the debts and subject the land to their payment. When the suits were brought the daughter and her husband had rented the farm and moved out of the State, and, though warned of the nature and pendency of the suit, made no defense. Mrs. Christian filed a petition to be made a party, and asked that it be taken as her answer. The court permitted this to be done. In her answer she alleged that, under the will of her husband, she was the owner of the fee in said land, and that if the court should be of opinion that the will did not give her the fee, then, as widow, she was entitled to a one-third interest for life as dower. Or, if this should be denied her, then she had a lien on the land for the money which she had paid out in discharge of the debts of her husband. Her title and ownership were disputed by the plaintiffs, and upon this issue

the case was prepared and submitted for judgment. The chancellor was of opinion that Mrs. Christian, under the will of her husband, took a fee in said land, and so adjudged. The owners of the mortgage claims appeal.

Whatever rights appellee has in the land, she holds under the will of her husband. She had twelve months from the date of its probate to renounce the provisions therein made for her benefit and take under the law; but as she failed to exercise this privilege, she is now entitled to only such rights in the land as the will gives her. Hence, the claim for dower can not be considered.

And there is no merit in the claim that she has a lien on the land to reimburse her for money paid in satisfaction of debts against the estate.

The only question is, what estate passed to her by the will? She insists, a fee. Appellants say a life estate, subject to be terminated or defeated by her marrying again. The intention of the testator, as gathered from the entire will, must control. Testator had three children. Two of them were then under age. If he intended his wife to have the fee, then the latter part of the will is meaningless. If, on the other hand, as contended for by appellants, he wanted his wife to have the use of his entire estate so long as she cherished his memory and remained his widow, and trusted to her mother instinct to give to his children such protection and aid as she could and they needed, considering the size and character of his estate, then the latter clause of the will is given effect. Two ideas are prominently presented by this will: First, the testator wanted his wife to be comfortably provided for so long as she remained his widow; and second, upon her marrying again, he wanted his lands to go to his children, the girl to have the home farm, and the boys the eighty-seven acre tract. That his wife so understood and interpreted his will is evidenced by her conduct when she remarried. Up to that time she had held and used all of the land; from that time on she ceased to exercise any control over any part of it whatever; but, as directed by the latter clause of her husband's will, turned the home place over to her daughter and the other tract to her two sons. She was present when the will was being drawn, heard her husband's instructions to the draughtsman as to how it should be drawn, and for more than six years after the probate was satisfied with the provisions. Doubtless she would never have asserted claim to ownership had her daughter not been either improvident or unfortunate, and

mortgaged it to such an extent that she was about to lose it in satisfaction of her debts. But be that as it may, her rights, as before stated, are measured and determined by the provisions of the will, and this, while not skillfully drawn, is not difficult of construction. The intention of the testator is easily ascertained. When each sentence is read in the light of every other sentence, and that construction adopted which gives effect to every part of the will, and carries out the intention of the testator, the wife is given the entire estate during her widowhood, and upon her marriage it passes at once to their children, the home farm to the daughter and the eighty-seven acres to the two sons.

In adopting this construction, we have not overlooked that clause in the will whereby the wife is given power to sell the eighty-seven acre tract to the two sons. This is not an absolute or general power of sale, but a qualified right. Under it she might not sell to anyone but the two sons, who were to take the land upon her marrying again. If the will passed the fee to her, then her right to sell could not be qualified or controlled; but if only a life estate, which was itself subject to be defeated by her marrying again, then the power given to sell to her two sons is not inconsistent with the construction we have adopted. The effect of such conveyance, if she had made it, would have been but to hasten the period of their enjoyment of the possession of said land in the event she had not married again.

Upon the marriage of the widow to her present husband, all her interest in the land ceased, and her daughter became at once the owner of the home tract under the will of her father, and, as she has mortgaged it, it should be subjected to the satisfaction of these debts.

Judgment reversed and cause remanded for further proceedings consistent herewith.