## Hopson's Trustee v. Hopson et al.
March 5, 1940.

Doyle Willis, Judge.

182

J. Wilbur Wade and I. G. Mason for appellant.

Charles I. Dawson and Oscar M. Smith for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

A. H. Hopson died testate in 1918, leaving surviving him his widow, Harriet S. Hopson, and seven adult children. His will, which was duly probated by the Logan county court, reads as follows:

"I, A. Henry Hopson, of the County of Logan, State of Kentucky, being of sound mind and memory do make and publish this my last will and testament.

"I give and bequeath to my beloved wife all my personal property and all my realty after all my just debts are paid so long as she remains my widow.

"I do hereby nominate and appoint my beloved

wife, Harriet S. Hopson, to be the sole executrix of my last will and testament.

"In testimony whereof, I hereunto set my hand and seal.

"March 19, 1907.

"(Signed) A. H. Hopson."

One of the testator's sons, James Hopson, was adjudicated a bankrupt in 1938 in the United States Court for the Western District of Kentucky, and J. U. Wade, his trustee in bankruptcy, brought an action against the widow and children of A. H. Hopson to have declared the rights of the parties in respect to a tract of land in Logan county, containing 164¾ acres, owned by A. H. Hopson at the time of his death. It was alleged in the petition that Harriet S. Hopson, by virtue of her husband's will, took a defeasible life estate in the land and that James Hopson and the other children each owned a vested remainder interest, the same to be taken into possession upon the death of their mother or upon her remarriage. It was further alleged that the defendant Harriet S. Hopson claimed an interest in the land greater than a life estate, and that an actual controversy existed between her and the plaintiff as to their respective rights in the property. The court sustained a demurrer to the petition, the plaintiff declined to plead further, and his petition was dismissed. The chancellor did not expressly so state, but his ruling was necessarily based on the conclusion that the will of A. H. Hopson vested in his widow a fee in his real estate subject to defeasance upon her remarriage. The sole question for decision on this appeal is the proper construction of this clause of the will: "I give and bequeath to my beloved wife all my personal property and all my realty after all my just debts are paid so long as she remains my widow."

It is appellant's contention that the words "so long as she remains my widow" limited the estate given to the widow to a life estate, which was defeasible upon her remarriage, and that the remainder interest passed by descent to the seven children. In construing wills, the rule that the intention of the testator must be ascertained, if possible, and given effect is applied. Ruh's Ex'rs v. Ruh, 270 Ky. 792, 110 S. W. (2d) 1097; Young v. Madison's Ex'r, 252 Ky. 99, 66 S. W. (2d) 1. The

testator's intention must be gathered, if possible, from the language used by him, and technical rules of construction will not be resorted to unless the meaning of the will is ambiguous or obscure. Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388; Price v. Aylor, 258 Ky. 1, 79 S. W. (2d) 350; Day's Adm'r v. Bright, 257 Ky. 359, 78 S. W. (2d) 43; Bowman v. Morgan, 236 Ky. 653, 33 S. W. (2d) 703. Of course, testamentary language, which by long usage and judicial recognition has come to have a fixed meaning, will be treated as having been used with that meaning by the testator. Blessing v. Johnston, 249 Ky. 777, 61 S. W. (2d) 635. Another rule of construction always applied is that a will must be so construed as to avoid intestacy unless it clearly appears from the language of the will that the testator intended to die intestate as to part of his esate. Goode v. Bonta, 267 Ky. 739, 103 S. W. (2d) 266; Hodge v. Lovell's Trustee, 262 Ky. 509, 90 S. W. (2d) 683; Corn v. Roach, 225 Ky. 725, 9 S. W. (2d) 1074; Anderson v. Simpson, 214 Ky. 375, 283 S. W. 941; Walton Bank & Trust Company v. Carpenter, 205 Ky. 629, 266 S. W. 358. Language somewhat similar to that used by A. H. Hopson in his will has been construed in a number of cases by this court apparently with conflicting results, but in each case the court has determined the meaning of the will from the language used by the testator and from a consideration of the will as a whole. The words "so long as she remains my widow" have not been given a fixed meaning by judicial recognition. Appellant relies chiefly upon Napier v. Davis, 7 J. J. Marsh. 283, 284, Morgan v. Christian, 142 Ky. 14, 133 S. W. 982, and Charles v. Shortridge, 277 Ky. 183, 126 S. W. (2d) 139, in support of his contention that the clause of A. H. Hopson's will heretofore quoted gave to his widow only a defeasible life estate. In Napier v. Davis, the will involved was a Tennessee will, and disposed of land in Tennessee. In the first clause of the will the testator gave to his wife certain personal property and a one-half interest in three slaves. Then followed this sentence, "and also my plantation and land during her widowhood." The widow remarried and moved to Kentucky where she died in 1823. After her death, a dispute arose between the heirs as to the ownership of the slaves. It was held that the devise by the husband to his wife of property "during her widowhood" was forfeited upon the mar-

riage of the widow. It was said in the opinion that the first clause of the will should be interpreted as limiting the widow's entire interest to her life or widowhood. The will was susceptible of no other construction, since the testator's intention to limit the devise to his wife to a life estate at most was apparent when the will was read as a whole. The second clause of the will read: "I give to my son, William Lewis, my land and plantation after his mother's death, or termination of her widowhood, and my negro boy Charles."

After holding that the first clause of the will gave to the wife a defeasible life estate, the court said:

"We are inclined to the opinion, that the will, as a whole, tends to fortify our construction of the first clause, and, altogether, evinces a determination that the testator's wife should hold no part of his estate, as devisee, longer than she should live in widowhood. We deem it unnecessary to enter into a consideration of all the various reasons which might be urged for and against this conclusion. We are content with stating the result of a careful and thorough survey which we have made of all the provisions of the will in all their bearings."

In Morgan v. Christian, the court merely held that the will, when read as a whole, gave to the wife a life estate defeasible upon her remarriage. As pointed out in the opinion, there were a number of provisions in the will indicating the testator's intention to give his wife an estate during her widowhood. In the course of the opinion it was said:

"The intention of the testator is easily ascertained. When each sentence is read in the light of every other sentence, and that construction adopted which gives effect to every part of the will, and carries out the intention of the testator, the wife is given the entire estate during her widowhood, and upon her marriage it passes at once to their children, the home farm to the daughter and the 87 acres to the two sons." [142 Ky. 14, 133 S. W. 983.]

In Charles v. Shortridge, a deed from a husband to a wife was involved. The granting clause contained these words: "As long as she remains my wife and if not this is to be null and void." It was held that these

words, when the deed was considered as a whole, constituted a limitation and not a condition, and that the grantee's estate terminated at her death. The decision was rested upon the language used in the deed, which is distinguishable from the language in A. H. Hopson's will. Furthermore, it must not be overlooked that the rule that wills must be so construed, if possible, as to avoid imputing to the testator an intention to die intestate as to any portion of his property has no application in the construction of deeds.

In addition to the foregoing rules of construction, the provisions of Section 2342 of the Kentucky Statutes must be considered where no words of inheritance are used. It reads:

"Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

This statute makes it the duty of the court to adopt that construction favoring a fee where it is not clear what estate the testator intended to devise. Ely v. United States Coal & Coke Company, 243 Ky. 725, 49 S. W. (2d) 1021. The statute was not referred to in Morgan v. Christian or Charles v. Shortridge.

Appellant argues that the rule that the reasonable and natural presumption is that the testator intended to dispose of his entire estate has no application in the present case because the construction of the will which vests in the widow a defeasible fee operates to leave a portion of the testator's property undisposed of by the will. This contention is not tenable. If the will is construed as giving to the widow a defeasible fee, it disposes of the testator's entire interest in the land at the time of his death, although the title may be defeated afterwards by the happening of a contingency named in the will. Although an estate in fee simple is devised, it may be limited by a provision that it shall terminate by the happening of a certain contingency. It is still a fee, however, since it will last forever if the contingency does not happen. Landers v. Landers, 151 Ky. 206, 151 S. W. 386, Ann. Cas. 1915A, 223. Ordinarily, precedents are of little value in the construction of wills because of the

diversity of their terms and the variety of the circumstances surrounding the testator. Rarely are the words of two wills identical or the circumstances surrounding the testators the same. The cases from this jurisdiction most similar to the present case are Walton v. Jones, 216 Ky. 289, 287 S. W. 710, and Davis v. Bennett's Ex'x, 272 Ky. 674, 114 S. W. (2d) 1150, 1151. In Walton v. Jones, the second clause of the will contained a devise to the widow in the following language:

> "I will and devise, absolutely, all of my property both real and personal to my wife, Eliza H. Walton, so long as she shall remain my widow."

The only difference in the language used in that will and A. H. Hopson's will is the word "absolutely" in the Jones will which the court, in its opinion, said added nothing to the character of title devised to the widow. The court said:

> "In this case all that is said in the will concerning the devise to the testator's widow is found in the second clause which consists of a single paragraph and single sentence composed of two lines, and there is nothing in the language of the clause as a whole that requires any greater emphasis or force to be given the word 'absolutely,' appearing in the first line, than to the words 'as long as she shall remain my widow,' appearing in the second line, and we must presume that the latter words were employed by the testator to fully express his intention to provide for his wife in the manner explained in the clause as a whole. In other words, the language of the clause as a whole clearly expresses the intention of the testator to devise her a defeasible fee in and to the real estate therein described; that is, the fee subject to be defeated by her remarriage."

In Davis v. Bennett's Ex'x, the second clause of the will read:

> "I give, devise and bequeath to my beloved wife, S. E. Bennett, all the rest, residue and remainder of my property, real, personal and mixed, and wherever the same may be situated, to be hers and subject to her use and for her benefit, so long as she shall remain a widow, after my death, and until she shall remarry."

Subsequent clauses provided for the disposition of the estate in the event the widow remarried. It was held that the will devised to the widow an absolute estate in the testator's property subject to defeasance in the event of her remarriage. To the same effect are Hinkle v. Hinkle, 168 Ky. 286, 181 S. W. 1116, and Mann v. Freze, 203 Ky. 739, 263 S. W. 21.

With the words "so long as she remains my widow" eliminated, the will of A. H. Hopson undoubtedly gave the widow a fee simple estate. The addition of these words does not indicate any intention to cut down the quantum of estate granted, and there is no other language in the will indicative of an intention not to pass a fee. The words are equivalent to saying "provided she remains my widow," and merely attached a condition which made the estate defeasible upon her remarriage.

In the light of the authorities cited above, and applying the foregoing rules of construction, we think the will in the present case shows an intention that the widow should take a defeasible fee and not a defeasible life estate.

The judgment is affirmed.