## CASSIDY et al. v. VANNATTA'S EX'R. et al.

Court of Appeals of Kentucky.

June 12, 1951.

Rehearing Denied Oct. 26, 1951.

Ralph Mitchell, Shelbyville, for appellant.

Matthews & Matthews, of Shelbyville, for appellee.

WADDILL, Commissioner.

The Bank of Shelbyville, executor of the estate of Estill L. Vannatta, instituted this action under the Declaratory Judgment Act, Civil Code of Practice, Section 639a-1. et seq., seeking a construction of decedent's will and advice as to the distribution of the estate.

The controversy relates to Item 3 of the will which reads as follows: "I bequeath and devise my entire estate, both personal and real, which may remain after the satisfaction of the above special bequest and the payment of my debts, funeral expenses, and the costs and expenses of the administration of my estate, in equal shares, absolutely and in fee, to my cousin, the said Walter Cassidy; Robert Jamison and William Stivers, tenants on my farm; George E. Smith, who rents my property on Bland Avenue, Shelbyville, Kentucky; and the Kentucky Society for Crippled Children, of Louisville, Kentucky; Baptist Ministers Aid Society, of Owensboro, Kentucky; Baptist Orphans' Home of Louisville, Kentucky; King's Daughters' Hospital, of Shelbyville, Kentucky; and the Clayvillage Baptist Church, of Clayvillage, Shelby County, Kentucky."

Upon submission, the court rendered the following judgment: "By Item Third of the will of the decedent, Estill L. Vannatta, the residue of the estate of the said decedent is devised in nine equal shares absolutely to the following defendants: Walter Cassidy, Robert Jamison, William Stivers, George E. Smith, Kentucky Society for Crippled Children of Lousiville, Kentucky, Spring Meadows, Incorporated (successor to Kentucky Baptist Orphan's Home of Louisville, Kentucky, Inc.), King's Daughters Hospital of Shelbyville, Kentucky, Clayvillage Baptist Church of Shelbyville, Kentucky, and Baptist Ministers Aid Society of Owensboro, Kentucky."

Only two of the interested parties, Walter Cassidy and George E. Smith have appealed. The record reflects that neither of them filed an answer in the circuit court.

Appellants are claiming that by the Third Item of his will, testator divided the residue of his estate into eight equal shares. One share of which was to go to Robert Jamison and William Stivers, conjointly. Appellants contend that the semicolon after the names of Jamison and Stivers and its omission between their names, illustrates that such was testator's intention.

The fundamental rule for the construction of a will is to ascertain the intention of the testator. In arriving at that intention the courts should look to the language used in the will. If in so doing his intention can be ascertained, and it is not contrary to public policy, that intention controls, regardless of collateral and subsidiary rules which may be employed in arriving at the intention when it is obscure. Hon v. Connelly, 253 Ky. 181, 69 S.W.2d 23; Hopson's Trustee v. Hopson, 282 Ky. 181, 138 S.W.2d 365.

Generally the court will favor that construction which produces equality rather than inequality, except where unequal division is clearly called for. Thompson on Instruction of Wills, Section 316, page 474.

In Day's Adm'r v. Bright, 257 Ky. 359, 78 S.W.2d 43, 45, it is written: "With these principles of construction in mind, the court could not lend any considerable emphasis to a mistake in choosing, perhaps, a less legally correct word; to an error in punctuation; nor yet to the use of the word 'and' in the place where it is used, nor the beginning of that word with a lower-case letter rather than a capital, because to do so would lend controlling dignity to the errors pointed out."

[4] Application of these principles to the will at hand demonstrates to us that the testator divided the residue of his estate into nine equal shares.

The decision of the court was correct. Judgment affirmed.