Michelle CHEEK;  Therese Garrett;  Judy Harmon;  Cathy Hubbell;  Janie Miller;  Dallas Orberson;  Harold Ray Orberson;  Barbara Sisk;  Linda Smothers;  Debbie Wren;  Michael Lushen Wren;  Steven Wayne Wren;  and William (Billy) Wren, Appellants,

v.

Diana LOVE;  Elizabeth Ann Perry;  Connie S. Tungate;  Francis Williams;  Alvin Wren, Jr.;  William Ray Wren;  William G. Fowler, II, Administrator;  Kelly Riley;  and Larry Dale Orberson, Appellees.

No. 2009–CA–002296–MR.

Court of Appeals of Kentucky.

Sept. 17, 2010.

Discretionary Review Denied by Supreme Court Sept. 14, 2011.

Dawn Lynne Spalding, Lebanon, KY, for appellants.

James L. Avritt, Sr., Lebanon, KY, for Appellees Diana Love, Elizabeth Ann Perry, Connie S. Tungate, Francis Williams, Alvin Wren, Jr, and William Ray Wren.

Before CLAYTON and LAMBERT, Judges; HENRY,[1] Senior Judge.

## OPINION

LAMBERT, Judge:

This appeal arises from a summary judgment entered in a declaration of rights case, wherein the Marion Circuit Court interpreted the following provision contained in the Last Will and Testament of Lushen Wren: "Upon the death of the last of my children, all of my estate shall be sold and divided among my grandchildren, per stirpes." Specifically at issue is the interpretation of "per stirpes" in the sentence and whether the stirpital root begins at the decedent's children's level or at his grandchildren's level. The circuit court held that the root began at the children's level and therefore ordered that the proceeds of the Estate be distributed in unequal portions among Lushen's nineteen living grandchildren and two great-grandchildren. For the following reasons, we affirm.

Lushen Wren passed away on December 7, 1969, in Marion County, Kentucky, and his Last Will and Testament was admitted to probate the following November. The will provided as follows:

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

I, Lushen Wren, a citizen and resident of Marion County, Kentucky, being of sound mind and disposing memory, do hereby make, publish and declare this to be my last will and testament, revoking any prior wills made by me.

Item I.  Upon my death, I give and bequeath all of my estate, real and personal, to my wife, Dora Wren, for and during her lifetime.  Upon her death, if my daughter, Christine Wren, is still living, I devise and bequeath all of my estate to my daughter, Louise Orberson, for and during the lifetime of said Christine Wren, provided said Louise Orberson is willing to take care of and provide food, shelter, clothing and medical services for my said daughter, Christine Wren, as long as she lives.  In the event said Louise Orberson should not desire to or should fail to take care of my said daughter, Christine Wren as herein provided, then any child of mine who will take care of said Christine Wren as hereinabove set forth shall have an estate for the life of said Christine Wren in all of my property, real and personal.

Upon the death of my said wife, Dora Wren, and my daughter, Christine Wren, I devise and bequeath all of my estate in equal shares to my children then surviving, and to the survivor or survivors of them until the last of my said children shall die, it being my desire that all my land be held and not sold until all of my children are dead.

I own 5 ½ acres of land with a house located thereon near Riley Station in Marion County, Kentucky, which is now occupied by my son, Wayne Wren.  My said son shall have the right to continue to occupy said house and lot so long as he desires, and the life estates hereinabove granted are subject to this provision.

Upon the death of the last of my children, all of my estate shall be sold and divided among my grandchildren, per stirpes.

Item II.  I hereby nominate and appoint my wife, Dora Wren as Executrix of this my last will and testament, and request that she be permitted to qualify as such without giving surety on her official bond.  When a division of my estate is required as directed in this will, I request the Judge of the Marion County Court to appoint one or more of my grandchildren as personal representative of my estate for the purpose of making a division as herein directed, and such personal representative shall have full and complete power and authority to sell and convey any property, real or personal, which I may own at the time of my death.

IN WITNESS THEREOF, I have hereunto affixed my signature, this 6th day of August, 1958.

Attest: Robert M. Spragens     His
                                Lushan [sic] X Wren
                                Mark

The foregoing instrument was this day signed and acknowledged before us by Lushen Wren to be his last will and testament, and we, at his request, and in his presence, and in the presence of each other, have hereunto affixed our signatures, as witnesses, this 6th day of August, 1958.

Robert M. Spragens
Katherine Buckler

Pursuant to the terms of the will, Lushen's Estate was not to be sold nor the proceeds divided among his grandchildren until his wife and all of his children had died.

Lushen and his wife, Dora Wren, produced a total of nine children. Two had passed away prior to the execution of Lushen's will, and five other children were survived by issue.  Lushen's daughter, Christine Wren, passed away in 1975 with no children.  Lushen's wife, Dora Wren, died two years later in 1977.  In addition

to Christine, Dora was predeceased in 1972 by son Alvin Wren and daughter Louise Orberson. At the time of Dora's death, Alvin left two surviving children, and Louise left eight. Of Louise's eight surviving children, one child died in 1978, leaving no children, and daughter Frances Peak died in 1993, leaving two children.

Upon Dora's death in 1977, a life estate in Lushen's Estate passed to their surviving children, Hubert Wren, Wayne Wren, Ray Wren, and Mae Willard. Hubert Wren died in 1996, leaving no children. Mae Williard died in 2004, leaving two children. Ray Wren died in 2006, also leaving two children. And Wayne Wren, the last surviving child of Lushen and Dora, died on August 19, 2007, leaving seven children.

Upon Wayne's death, twenty-one heirs, consisting of nineteen grandchildren and two great-grandchildren, were entitled to distributions from the sale of Lushen's Estate. These heirs are:

**Wayne Wren's children:**
Therese Garrett
Cathy Hubbell
Janie Miller
Debbie Wren
Michael Lushen Wren
Steven Wayne Wren
William (Billy) Wren

**Louise Orberson's children (or grandchildren):**
Judy Harmon
Dallas Orberson
Harold Ray Orberson
Larry Dale Orberson
Barbara Sisk
Linda Smothers
Michelle Creek (daughter of Frances Peak, Louise's child)

Kelly Riley (daughter of Frances Peak, Louise's child)

**Mae Willard's children:**
Elizabeth Ann Perry
Connie S. Tungate

**Alvin Wren's children:**
Diana Love
Alvin Wren, Jr.

**Ray Wren's children:**
William Ray Wren
Frances Williams

William G. Fowler, II, was named Administrator with will annexed of Lushen's Estate in November 2007. Pursuant to Lushen's direction, his real property was sold at public auction on March 29, 2008, and raised $301,533.78. The same month, Fowler filed a declaratory rights action pursuant to KRS 418.040 in order to settle the controversy between the heirs as to the proper share to which each was entitled. The heirs may be split into two categories. The descendents of Wayne and Louise, who each left seven living children at the time of their respective deaths, argue that the proceeds should be distributed per capita, or in equal 1/20th shares, among the grandchildren (with one share distributed per stirpes between the two great-grandchildren) (hereinafter "the per capita heirs" or "Appellants").[2] On the other hand, the descendents of Mae, Alvin, and Ray, who left two descendants each, argue that the proceeds should be split per stirpes, or in 1/5th shares per child with surviving issue, and then split equally among each child's surviving children (or grandchildren) (hereinafter "the per stirpes heirs" or "Appellees"). Under one interpretation, the proceeds would be split equally between all of the grandchil-

---

**2.** We use these terms solely for ease of understanding and to distinguish the parties, and by these terms do not mean to imply that the "per capita" heirs are attempting to ignore language contained in the will. *See* Appellants' Brief, p. 16.

dren, while in the other the proceeds would be split unequally among them.

Both sets of heirs filed motions for summary judgment, presenting arguments as to which generational level provided the stirpital root for the eventual division of the Estate. After initially ruling in favor of the per capita heirs, the circuit court reconsidered that order, found that Lushen and Dora's children's generation provided the stirpital root, and ruled in favor of the per stirpes heirs. In making this determination, the circuit court stated, "If Wren's direction that his estate be divided among his grandchildren per stirpes is to be given any effect at all, it must be interpreted to mean that his estate must be divided among his grandchildren, by family, and not equally." Therefore, the circuit court ordered the Estate to be divided in 1/35th shares to each per capita heir (1/70th shares to each great-grandchild) and in 1/20th shares to each per stirpes heir. This appeal followed.

Our standard of review in this case is well settled in the Commonwealth. "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corp.,* 56 S.W.3d 432, 436 (Ky.App.2001). Because there are no disputed issues of material fact, this opinion shall only address the legal issue raised in the appeal, which we shall review *de novo.*

■ The sole question before this Court is whether the circuit court correctly interpreted the provision at issue in Lushen's will in dividing the Estate. That pro-

vision states: "Upon the death of the last of my children, all of my estate shall be sold and divided among my grandchildren, per stirpes." Guiding our review in this case is what has been termed the "polar star rule."

This rule holds that in the absence of some illegality, the intention of the testator is controlling. To ascertain the testator's intention, it is necessary to first examine the language of the instrument. If the language used is a reasonably clear expression of intent, then the inquiry need go no further. If it is not such a clear expression, then it is necessary to construe the language used according to appropriate rules of construction.

*Clarke v. Kirk,* 795 S.W.2d 936, 938 (Ky. 1990) (internal citations omitted). Accordingly, before we may apply any rule of construction, we must first decide whether the provision is ambiguous. And having reviewed the provision at issue, we conclude that there is no ambiguity and that Lushen intended an unequal distribution when he included the legal term "per stirpes" after "my grandchildren."

■ In their brief, the Appellants cite to the rule of construction that courts will favor equality in the distribution of an estate: "Another well grounded rule is that that court will favor that construction which produces equality rather than inequality, except where unequal division is clearly called for." *Day's Adm'r v. Bright,* 257 Ky. 359, 78 S.W.2d 43 (1935). *See also Clarke,* 795 S.W.2d at 940 ("The presumption in favor of equality has been held to be one of the most forceful of all presumptions."); *Shackelford v. Kauffman,* 263 Ky. 676, 93 S.W.2d 15 (1936) ("the law favors equality in distribution, and all ambiguity will be determined in favor of such distribution, unless a contrary intention clearly appears."); *Prather v. Watson's Ex'r,* 187

Ky. 709, 220 S.W. 532 (1920). However, we need not apply this rule to the present case, as we agree with the Appellees that the language of the provision establishes that Lushen intended an unequal division between his grandchildren.

Our conclusion is supported by the *Restatement Second of Property, Donative Transfers,* § 28.1, cited by both the Appellants and the Appellees, which addresses beneficiaries in the same generation to the donor:

> If a gift is made to a class or classes described as "children," "grandchildren," "brothers," "sisters," "nephews," "nieces," "cousins," or by a similar one-generation class gift term, and
>
> > (1) the class members are in the same generation in relation to the donor, and
> >
> > (2) any individual named to take with the class are in the same generation in relation to the donor as the class members, each beneficiary is entitled to an equal share per capita in the subject matter of the gift, in the absence of additional language or circumstances that indicate otherwise.

Comment d to this section addresses gifts to the donor's grandchildren:

> If a gift is made to the "grandchildren" of the donor, the grandchildren traced through one child of the donor may be more numerous than the grandchildren traced through another child of the donor. This fact, if present, does not in and of itself change the equal division among the class members under the rules of this section, in the absence of additional language or circumstances that indicate otherwise. By the use of the class gift term "grandchildren," the donor has placed all of the grandchildren on the same footing.

Comment i addresses the addition of the term "per stirpes" on a one-generation class gift:

> If a gift is made to the "grandchildren" of a designated person "per stirpes," the described class members stem from different children of the designated person. In such case, the words "per stirpes" suggest an initial division of the subject matter of the gift into shares, one share for the children of each child of the designated person, thereby overcoming the per capita division otherwise called for by the rules of this section. In this situation, the words "per stirpes" having been given a meaning, that meaning should carry over to cause the share of a deceased class member to go to his or her descendants. Thus, the words "per stirpes" have a double operation.

Finally, the Reporter's Note addresses this rule in section 3b, which reads as follows:

> "To my grandchildren per stirpes": who are the stocks? A gift made simply to the donor's "grandchildren" or "nephews and nieces" will be distributed per capita; if the donor intends equality of treatment at that level, nothing more need be said. But sometimes the donor intends to treat his or her children, or brothers and sisters, equally (or to treat their families equally), though the gift is to the generation below. The phrases "per stirpes," "by representation," or "according to the stocks" are commonly used to express such intent. This is recognized in Illustration 6 and in Comment f, but it conflicts with the old common-law rule, still followed by a few courts, that a gift "to a class per stirpes" means per capita to the surviving members of the class, with per stirpes distribution only to the descendants of deceased class members.

■ Furthermore, we recognize that "testamentary language, which by long usage and judicial recognition has come to have a fixed meaning, will be treated as

having been used with that meaning by the testator." *Hopson's Trustee v. Hopson,* 282 Ky. 181, 138 S.W.2d 365 (1940). Black's Law Dictionary (8th ed.2004) defines the term "per stirpes" as follows: "Proportionately divided between beneficiaries according to their deceased ancestor's share." The term "per capita" is defined as "[d]ivided equally among all individuals, usu. in the same class[.]"

Lushen's use of the legal term "per stirpes" in conjunction with "my grandchildren" reveals an intention that his children were to provide the stirpital root and that each grandchild was to take by representation through his or her parent (the deceased ancestor), for whatever reason. We disagree with the Appellants' argument that "per stirpes" was meant only to apply to the great-grandchildren's generation, but rather we perceive that this term has a double meaning as suggested in Comment i set out above. Accordingly, Lushen's children provided the stirpital root in giving effect this provision of the will. Based upon our *de novo* review of the legal issue before us, we hold that the circuit court did not commit any error in dividing the Estate.

For these reasons, we hereby affirm the summary judgment of the Marion Circuit Court.

ALL CONCUR.